LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 8 9101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WESTERN FUNDING INCORPORATED,<br><br>Debtor. | Case No.: BK-S-13-17588-LED<br>Chapter 11<br>(Jointly Administered) |
| In re:<br><br>WESTERN FUNDING INC. OF NEVADA,<br><br>Debtor. | Case No.: BK-S-13-17586-LED<br>Chapter 11 |
| In re:<br><br>GLOBAL TRACK GPS, LLC,<br><br>Debtor. | Case No.: BK-S-13-17589-LED<br>Chapter 11<br><br>Date: OST PENDING<br>Time: OST PENDING |

**MOTION FOR APPROVAL OF PROCEDURES MOTION FOR ORDER:
(I) APPROVING ADEQUACY OF DISCLOSURES IN DEBTORS' PROPOSED
JOINT DISCLOSURE STATEMENT TO ACCOMPANY DEBTORS' JOINT PLAN
OF REORGANIZATION; (II) SETTING DEADLINES FOR BALLOTING AND
OPPOSING CONFIRMATION OF DEBTORS' JOINT PLAN; (III) APPROVING
FORM OF BALLOTS; (IV) SETTING A RECORD DATE FOR VOTING PURPOSES;
AND (V) SETTING THE CONFIRMATION HEARING ON THE PLAN**

Western Funding Incorporated, a California corporation ("WFI"), Western Funding Inc. of Nevada, a Nevada corporation ("WFIN"), and Global Track GPS, LLC, a Delaware limited liability company ("GPS," and together with WFI and WFIN, the "Debtors"), debtors and debtors in possession, hereby respectfully represent:

### Background

1. On September 4, 2013 (the "Petition Date"), Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing their respective bankruptcy cases (collectively, the "Chapter 11 Cases"). Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' Chapter 11 Cases are being jointly administered and an Official Committee of Unsecured Creditors (the "Committee") has been appointed and has retained proposed counsel.

2. WFI is a specialized consumer finance company providing automobile financing to borrowers with limited access to traditional credit. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to these Chapter 11 Cases is contained in the *Omnibus Declaration of Frederick A. Cooper in Support of Debtors' Initial Emergency Motions and Related Relief* (the "Omnibus Declaration") [ECF No. 53].

3. This Motion is supported by the *Declaration of Frederick A. Cooper in Support of Motion for Order Approving Stipulation Authorizing Debtors to Use Cash Collateral, Granting Adequate Protection and Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 361, 362 and 363*.

### Jurisdiction

4. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, Debtors consent to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Proposed Disclosure Statement

5. Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide

holders of impaired claims with "adequate information" regarding a debtor's proposed Chapter 11 plan. In that regard, Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

6. Section 1125(a)(2) of the Bankruptcy Code goes on to define an "investor typical of holders of claims or interests of the relevant class" as an investor having the following: "(A) a claim or interest of the relevant class; (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have." 11 U.S.C. § 1125(a)(2). The determination of adequate information is made on a case-by-case basis. See Computer Task Group, Inc. v. Brotby (In re Brotby), 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (citing In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988)).

7. Local Rule 3016(d) provides that a disclosure statement should include, at a minimum, the following:

> (a) a statement regarding the debtor's background, ownership, and pre-bankruptcy operating and financial history; (b) discussion of the reason for the bankruptcy filing; (c) a summary of proceedings to date in the bankruptcy case; (d) a summary of assets; (e) a description of unclassified claims, including estimated amounts of administrative and priority claims; (f) a description of claims by class, including an estimate of the amount of claims in each class as reflected by the schedules and proofs of claim on file; (g) a summary

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

of the treatment of unclassified and classified claims under the proposed plan; (h) a summary of the treatment of executory contracts under the proposed plan; (i) a liquidation analysis; (j) a statement as to how the proponent intends to achieve the payments proposed; and (k) the disclosures required by 11 U.S.C. § 1129(a)(5).

8.  In addition, case law has developed a non-exhaustive list of criteria that may be considered in evaluating the sufficiency or the adequacy of a proposed disclosure statement. Relevant factors for evaluating the adequacy of a disclosure statement may include the following:

> (a) the events which led to the filing of a bankruptcy petition; (b) a description of the available assets and their value; (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in Chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a Chapter 7 liquidation; (i) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the Chapter 11 plan or a summary thereof; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (o) information relevant to the risks posed to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) litigation likely to arise in a nonbankruptcy context; (r) tax attributes of the debtor; and (s) the relationship of the debtor with affiliates.

In re Metrocraft Pub. Servs., Inc., 39 B.R. 567, 568 (Bankr. Ga. 1984); In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (using a similar list). The foregoing list, however, is neither meant to be comprehensive, nor required; rather, the court must decide what is appropriate in each specific case.

9.  A creditor's standing to object to disclosure statement approval may be limited to only those matters which affect the ability of that creditor to exercise meaningfully its right to vote on the plan, and which impact on the class of which the objecting creditor is a member. See Everett v. Perez (In re Perez), 30 F.3d 1209, 1217 & n.11 (9th Cir. 1994) (holding that a creditor has standing to contest the adequacy of disclosures even though he voted against the plan, but noting that the question of whether a creditor who voted against the plan could object to inadequacies in

disclosure that affected no other creditors was still an open question); In re Scioto Valley Mortgage Co., 88 B.R. 168, 171 (Bankr. S.D. Ohio 1988) ("a creditor only has standing to object to the adequacy of a disclosure statement as to its own class and not as to the adequacy of the statement as it affects another class"); In re Middle Plantation of Williamsburg, Inc., 47 B.R. 884, 891 (E.D. Va. 1984) ("Holders of impaired claims who have been induced to vote in favor of a plan are the only ones who may raise the issue of the adequacy of the Disclosure Statement."), aff'd, 755 F.2d 928 (4th Cir. 1985); In re Adana Mortgage Bankers, Inc., 14 B.R. 29, 30 (Bankr. N.D. Ga. 1981) ("Class IV creditors have standing to object to the Disclosure Statement only as to their Class and may not object to the adequacy of the Disclosure Statement as it may affect another class of creditors who have received a notice and who have filed no objection or made any appearance."). As such, if a creditor is either unimpaired and thus deemed to have accepted the plan pursuant to Section 1126(f) of the Bankruptcy Code, or if a creditor is deemed to have rejected the plan pursuant to Section 1126(g) of the Bankruptcy Code because the plan does not entitled the creditor to receive or retain any property under the plan, then such creditor's standing to certain arguments are limited.

10.    Debtors submit that their proposed Disclosure Statement in this case addresses each of the salient types of information identified above in a manner that provides holders of impaired claims that are entitled to vote to accept or reject the Plan with adequate information to allow them to make an informed judgment about the Plan.

### Setting Record Date

11.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a Chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Debtors request that the Court confirm that the date of entry of the Order approving this Motion (the "Disclosure Statement Order") is the voting record date (the "Record Date").

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**Solicitation Packages And Distribution Procedures**

12.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a Chapter 11 plan. This Rule provides, in pertinent part, as follows:

> Upon approval of a disclosure statement,--except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders--the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)     the plan or a court-approved summary of the plan;
>
> (2)     the disclosure statement approved by the court;
>
> (3)     notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

13.     Following entry of the Disclosure Statement Order, the Debtors propose to distribute solicitation packages (the "Solicitation Packages") containing copies of the following:

    a.     the Disclosure Statement Order;

    b.     the confirmation hearing notice, substantially in the form attached hereto as Exhibit B (the "Confirmation Hearing Notice");

    c.     a ballot (the "Ballot") substantially in the form attached hereto as Exhibit C; and

a copy of the Disclosure Statement (together with the Plan attached thereto).

14.  The Debtors propose to mail the Solicitation Packages by no later than two (2) days after entry of the Disclosure Statement Order absent relief from the Court (the "Solicitation Date").

### Forms Of Ballots

15.  Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, substantially in the form of Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(c) provides that acceptance or rejection of a plan must be in writing, signed by the creditor or an authorized agent and conform to the appropriate Official Form.  See Fed. R. Bankr. P. 3018(c).

16.  The Debtors propose to distribute a Ballot to the creditors holding claims in the Voting Classes (as hereinafter defined) in substantially the form as attached hereto as Exhibit C. The forms of the Ballots are based upon Official Form No. 14 but have been modified to address the particular aspects of this case and to include certain additional information that the Debtors believe to be relevant and appropriate for each class of claims that is entitled to vote to accept or reject the Plan.

17.  The Debtors shall file a Certification of Acceptance and Rejection of Chapter 11 Plan (Ballot Summary) in conformance with Local Rule 3018.

### Voting Deadline

18.  Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtors anticipate mailing the Solicitation Packages on or before the Solicitation Date. Based on such schedule, the Debtors propose that, in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Debtors' counsel so as to be received on or before December ___, 2013 at 5:00 p.m. (PST) (the "Voting Deadline").

### Procedures For Tabulation Of The Vote

19.  To facilitate tabulation of the votes on the Plan, the Debtors propose the following tabulation procedures:

7

      a.    a vote shall be disregarded if the Bankruptcy Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

      b.    any Ballot that is returned to the Debtors, but which is unsigned, shall not be counted;

      c.    all votes to accept or reject the Plan must be cast by using the appropriate Ballot, and votes that are cast in any other manner shall not be counted;

      d.    a holder of claims shall be deemed to have voted the full amount of its claim in each class and shall not be entitled to split its vote within a particular class;

      e.    any Ballot that partially accepts and partially rejects the Plan shall not be counted;

      f.    if a holder of claims casts more than one (1) Ballot voting the same claim prior to the Voting Deadline, only the last timely Ballot received by the Debtors shall be counted;

      g.    any executed Ballot received by the Debtors that does not indicate either an acceptance or rejection of the Plan shall not be counted;

      h.    any executed Ballot received by the Debtors that indicates both acceptance and rejection of the Plan shall not be counted; and

      i.    any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before such deadline.

20.    The Debtors believe that the proposed tabulation procedures provide for a fair and equitable voting process, and request that they be approved.

### Confirmation Hearing

21.    Bankruptcy Rule 3017(c) provides as follows: "On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

22.  In accordance with Bankruptcy Rule 3017(c) and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled, subject to the Bankruptcy Court's calendar, no earlier than <u>December 20, 2013</u>. The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and that the Plan may be modified pursuant to Section 1127 of the Bankruptcy Code and its terms, prior to, during or as a result of the Confirmation Hearing, in each case without further notice to parties-in-interest. The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

### Notice of the Confirmation Hearing.

23.  Bankruptcy Rule 2002(b) and (d) require not less than twenty-five (25) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan. The Debtors propose to provide to all creditors and equity security holders as of the Record Date a copy of the Confirmation Hearing Notice, setting forth (a) the date of approval of the Disclosure Statement; (b) the Record Date; (c) the Voting Deadline; (d) the time fixed for filing objections to confirmation of the Plan; and (e) the time, date, and place for the Confirmation Hearing. Such notice will be sent contemporaneously with the Solicitation Packages.

24.  The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Bankruptcy Court approve such notice as adequate.

### Objections And Replies.

25.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bank. P. 3020(b)(1). The Confirmation Hearing Notice provides, and the Debtors request that the Bankruptcy Court direct that, objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and

9

address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection to the Plan; and (d) be filed with the Court no later than December ___, 2013. All replies to any oppositions to confirmation must be filed with the Court by no later than December ___, 2013. The proposed timing for filing and service of objections and replies, if any, will afford the Bankruptcy Court, the Debtors, and other parties in interest sufficient time to consider the objections and replies prior to the Confirmation Hearing. Objections not timely filed and served in accordance with the provisions of this Motion may be overruled on that basis alone.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter an order as follows:

1. Approving the proposed Disclosure Statement, the Solicitation Packages and procedures for distribution thereof;

2. Setting a Record Date for voting purposes;

3. Approving the forms of Ballot and establishing procedures for voting on the Plan, including a deadline for receipt of Ballots;

4. Scheduling a hearing date and establishing notice and objection procedures and deadlines with respect to confirmation to the Plan, including a date for filing all objections to confirmation, and replies thereto; and

5. Granting such other and further relief as is just and proper.

Dated: November 15th, 2013.

LARSON & ZIRZOW, LLC

By: /s/ 
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101

Attorneys for Debtors

10