

Honorable Laurel E. Davis
United States Bankruptcy Judge

Entered on Docket
November 27, 2013

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 8 9101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtors

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WESTERN FUNDING INCORPORATED,<br><br>Debtor. | Case No.: BK-S-13-17588-LED<br>Chapter 11<br>(Jointly Administered) |
| In re:<br><br>WESTERN FUNDING INC. OF NEVADA,<br><br>Debtor. | Case No.: BK-S-13-17586-LED<br>Chapter 11 |
| In re:<br><br>GLOBAL TRACK GPS, LLC,<br><br>Debtor. | Case No.: BK-S-13-17589-LED<br>Chapter 11<br><br>Date: November 25, 2011<br>Time: 3:00 p.m. |

**ORDER APPROVING AND AUTHORIZING (A) BIDDING PROCEDURES IN CONNECTION WITH THE PURCHASE OF THE OPERATING ASSETS OF THE DEBTORS, (B) FORM AND MANNER OF NOTICE OF THE SALE HEARING AND (C) RELATED RELIEF**

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

Western Funding Incorporated, a California corporation, Western Funding Inc. of Nevada, a Nevada corporation, and Global Track GPS, LLC, a Delaware limited liability company (collectively, the "Debtors"), debtors and debtors in possession, by and through their counsel, Larson & Zirzow, LLC, having filed their motion (the "Motion") [ECF No. 320] pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002, 6004 and 9014 of the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada (the "Local Rules"); for an order (the "Order") approving and authorizing (a) bidding procedures in connection with the sale of substantially all of the operating assets of the Debtors, (b) the form and manner of notice of the sale hearing, and (c) other related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided (i) the United States Trustee for the District of Nevada, (ii) counsel to the Official Committee of Creditors; (iii) counsel to BMO; (iv) counsel to Carfinco Financial Group, Inc. and Carfinco WFI, Inc.; and (v) any party requesting notice under Rule 2002 of the Bankruptcy Rules, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; the Court having held a hearing on the matter, and having heard and considered the argument of counsel; all appearances having been noted on the record and having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

. . .

. . .

. . .

**THE COURT FINDS AND DETERMINES THAT:**[1]

A. **Bidding Procedures.** The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached as Exhibit 1 hereto (the **"Bidding Procedures"),** which are fair, reasonable and appropriate under the circumstances and represent the best method for maximizing the recovery on, and realizable value of, some or substantially all of the operating assets of the Debtors, excluding any and all real property owned by the Debtors (the **"Acquired Assets"**).

B. **Stalking Horse Bid Protections.** This Court has granted, by order dated November 13, 2013 [ECF No. 304], the *Motion for Order Pursuant to Sections 105(a), 363 and 503(b) of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure for an Order Approving Break-Up Fee and Expense Reimbursement Payments to Plan Sponsor* [ECF 275], pursuant to which, among other things, the Break-up Fee and Expense Reimbursement (as such terms were defined in said Motion) payable to Carfinco Financial Group, Inc. and its subsidiaries and affiliates (collectively "Carfinco" or the "Stalking Horse Bidder") were approved. The Expenses Reimbursement and the Break-up Fee are collectively called, the "Bid Protections."

C. **Assumption Procedures.** The Motion, this Order, the Cure Notice attached hereto as **Exhibit 2** and the assumption and/ or assumption and assignment procedures set forth herein are reasonably calculated to provide counterparties to the Assumed Contracts with proper notice of the intended assumption and/ or assumption and assignment of their executory contracts or unexpired leases, any Cure Amounts relating thereto and the assumption and/ or assumption and assignment procedures; provided that the mere listing of any Contract or Lease on the Cure Notice does not require or guarantee that such Contract or Lease will be assumed and assigned, and all rights of the Debtors with respect to such Contracts and Leases are reserved.

[1] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

D. **Sale Notice.** The Sale Notice, substantially in the form attached hereto as **Exhibit 3** is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the sale motion and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the Acquired Assets; (v) instructions for promptly obtaining a copy of the Stalking Horse Agreement; (vi) representations describing the sales as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the sale proceeds; (vii) the commitment by the Stalking Horse Bidder (or another Successful Bidder (or Successful Bidders) arising from the Auction, if any) to assume certain liabilities of the Debtors; and (viii) notice of the proposed assumption and assignment of contracts and leases to the Stalking Horse Bidder pursuant to the Stalking Horse Agreement (or to another Successful Bidder (or Successful Bidders) arising from the Auction, if any), the proposed cure amounts relating thereto and the right, procedures and deadlines for objecting thereto, and no other or further notice of the Sale shall be required.

E. The proposed sale of the Acquired Assets is consistent with section 363(b)(1)(A) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

## I. Important Dates and Deadlines

3. **Sale Hearing. December 20, 2013 at 9:30 a.m. (PST)**, is the date and time the sale hearing (the **"Sale Hearing"**) will be held before the Honorable Judge Davis, United States Bankruptcy Judge for the District of Nevada, at the U.S. Bankruptcy Court for the District of Nevada, located at 300 S. Las Vegas Blvd, Las Vegas, Nevada 89101. At the Sale Hearing, the Debtors will seek the entry of an order of this Court approving and authorizing the Sale to the

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

Stalking Horse Bidder or the Successful Bidder (or Successful Bidders) (if other than the Stalking Horse Bidder), as applicable. Any obligations of the Debtors set forth in the Stalking Horse Agreement that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order pursuant to the Stalking Horse Agreement are authorized as set forth herein and are fully enforceable as of the date of entry of this Order.

4. The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Debtors from time to time without further notice other than by announcement in open court, on this Court's calendar or through the filing of a notice or other document on this Court's docket. If there is no Auction, the Debtors and the Stalking Horse Bidder may proceed to seek confirmation of the Debtors' proposed plan of reorganization including the stock purchase transaction contemplated by the Stalking Horse Agreement.

5. **Sale Objection Deadline. December 17, 2013 at 5:00 p.m. (PST)**, is the deadline to object to the relief requested in the Motion, including the assumption and/or assignment of the Assumed Contracts or entry of the proposed Sale Order (the **"Sale Objection Deadline"**). Objections, if any, **must:** (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with this Court and served so *actually received* no later than the Sale Objection Deadline by (A) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 and (B) the following parties (the **"Notice Parties"**):

| **Debtors** | **Counsel to Debtors** |
|---|---|
| Western Funding Incorporated<br>3915 E. Patrick Lane<br>Las Vegas, Nevada 89120<br>Attn: Frederick Cooper<br>Email: fcooper@westernfundinginc.com | Matthew C. Zirzow, Esq.<br>Larson & Zirzow, LLC<br>810 S. Casino Center Blvd., Suite 101<br>Las Vegas, Nevada 89101<br>Attn: Matthew C. Zirzow, Esq.<br>mzirzow@lzlawnv.com |

| Counsel to Carfinco Financial Inc. and Carfinco WFI Inc. | United State Trustee |
|---|---|
| Torys LLP<br>1114 Avenue of the Americas, 23rd Floor<br>New York, New York 10036-7703<br>Attn: Alison D. Bauer. Esq.<br>abauer@torys.com<br><br>-and-<br><br>Fox Rothschild LLP<br>Wells Fargo Tower, Suite 500<br>3800 Howard Hughes Parkway<br>Las Vegas, Nevada 89169<br>Attn: Brett Axelrod<br>baxelrod@foxrothschild.com | Office of The United States Trustee<br>300 Las Vegas Boulevard South<br>Suite 4300<br>Las Vegas, Nevada 89101<br>Attn: Edward M. McDonald, Jr.<br>Email: Edward.M.McDonald@usdoj.gov |
| **Counsel of the Official Communities of Unsecured Creditors** | **Counsel to the Secured Creditor, BMO Harris Bank N.A.** |
| Schwartzer & McPherson Law Firm<br>2850 South Jones Boulevard, Suite #1<br>Las Vegas, Nevada 89146-5308<br>Attn: Jeanette E. McPherson | Chapman and Cutler LLP<br>111 West Monroe Street<br>Chicago, IL 60603-4080<br>Attn: David T.B. Audley<br>Email: audley@chapman.com<br><br>and<br><br>Lionel Sawyer Collins<br>300 South Fourth Street, Suite 1700<br>Las Vegas, NV 89101<br>Attn: Rodney M. Jean<br>rjean@lionelsawyer.com<br>-and-<br>Attn: Ryan Andersen<br>randersen@lionelsawyer.com |

Notwithstanding anything to the contrary in this paragraph 4, the Sale Objection Deadline may be extended by the Debtors in consultation with the Stalking Horse Bidder. The failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order and/or consummation of the Sale other than those

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

that pertain to Assumed Contracts and arise after the closing of the Sale, and the failure to timely file an objection in accordance with this Order shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

6. **Reply Deadline. December 19, 2013 at 12:00 p.m. (PST)**, is the deadline for the Debtors, the Stalking Horse Bidder and other parties in interest to file replies to any timely-filed objection to entry of the Sale Order with this Court; *provided,* that such deadline may be extended by an order of the Court.

7. **Competitive Bidding.** The following dates and deadlines regarding competitive bidding are hereby established (subject to modification as needed):

a. **Bid Deadline: December 16, 2013 at 5:00 p.m. (PST)**, is the deadline by which all "Qualified Bidders" (as defined in the Bidding Procedures) must submit Bids so as to be *actually received* by the parties specified in the Bidding Procedures (the **"Bid Deadline"**); and

b. **Auction: December 18, 2013 at 9:00 a.m. (PST)**, is the date and time of the Auction, if one is needed, which will be held at the offices of special counsel to the Debtors: Lewis Roca Rothgerber, 3993 Howard Hughes Pkwy., Suite 600, Las Vegas, Nevada 89169.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

**II. Bidding Procedures and Related Relief**

8. The Bidding Procedures, substantially in the form annexed hereto as Exhibit 1 and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed Sale, and any party desiring to submit a higher or better offer for the Acquired Assets shall do so strictly in accordance with the terms of the Bidding Procedures and this Order. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

9. With the exception of the Stalking Horse Bidder, no person or entity shall, pursuant to the Bidding Procedures or otherwise, be entitled to any expense reimbursement, break-

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

up fees, "topping," termination or other similar fee or payment in connection with the sale of the Acquired Assets pursuant to the terms of this Order.

10. As described in the Bidding Procedures, if the Debtors do not receive any Qualified Bids other than from the Stalking Horse Bidder pursuant to its Stock Purchase Agreement, the Debtors will not hold the Auction, the Stalking Horse Bidder will be named the Successful Bidder and the Debtors will seek approval of the Stalking Horse Agreement in connection with the hearing on confirmation of the Plan. If one or more Qualified Bidders timely submits a Bid (other than the Stalking Horse Bidder) in accordance with the Bidding Procedures, the Debtors may conduct the Auction as set forth herein.

11. If the Auction is conducted, each Qualified Bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding process or the Sale, the Auction will be conducted openly and the Auction shall be transcribed or videotaped.

12. If the Stalking Horse Bidder has an allowed secured claim at the time of the Auction, the Stalking Horse Bidder is authorized to make one or more credit bids at the Auction equal to any or all of the Stalking Horse Bidder's allowed secured claims to the full extent permitted by section 363(k) of the Bankruptcy Code.

13. If either the Secured Lender or any other Qualified Bidder has an allowed secured claim at the time of the Auction (each a "**Credit Bidder**"), such Credit Bidder is authorized to make one or more credit bids at or prior to the Auction equal to any or all of such party's allowed secured claims to the full extent permitted by section 363(k) of the Bankruptcy Code. In the event any portion of the claims that are credit bid are determined by the Court to be unsecured, the applicable Credit Bidder will pay the amount determined to be unsecured to the Debtors in cash. The Credit Bidder will also have to pay the portion of the Bidding Protections applicable to such Credit Bidder.

14. The Debtors are authorized to modify the Bidding Procedures in their reasonable discretion, and to the extent practicable, in consultation with the Committee, the Secured Lender, and subject to and with the consent of the Stalking Horse Bidder, in any manner that they

determine will best promote the goals of the bidding process and maximize the value of the Debtors' assets, including to extend any of the deadlines set forth in the Bidding Procedures and/or to impose, at or before the Auction, additional reasonable terms and conditions on the Sale.

15. Within two (2) business days after the conclusion of the Auction, if any, the Debtors shall file with the Bankruptcy Court a notice of the Debtor's selection of the Successful Bidder(s).

## III. Bid Protections

16. The Debtors are hereby authorized to pay any and all amounts owing to the Stalking Horse Bidder on account of the Bid Protections in accordance with the terms of the Stalking Horse Agreement without further action or order by the Court.

17. No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fee, "topping", termination or other similar fee or payment.

## IV. Assumption and Assignment Procedures

18. The following procedures regarding the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale are hereby approved to the extent set forth herein, and shall govern the assumption and assignment of all executory contracts and unexpired leases proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code or assumed and assigned to the Stalking Horse Bidder (or other Successful Bidder (or Successful Bidders) following the Auction, if any) pursuant to section 365(f) of the Bankruptcy Code under the Stalking Horse Agreement (collectively, the **"Assigned Contracts")**:

a. **Designation Deadline.** In its discretion by written notice to the Debtors, (i) the Stalking Horse Bidder, in accordance with the Stalking Horse Agreement, at any time prior to the Closing Date as defined in the Stalking Horse Agreement, may (a) exclude from being assigned any Contracts or Leases, and such Contracts or Leases shall not constitute Assumed Contracts or Assumed Leases, and the Stalking Horse Bidder shall not acquire any rights or assume any Liabilities with respect thereto, and (b) add any Contracts or Leases as assigned Contracts or Leases, and such Contracts or Leases shall constitute Assumed Contracts or Assumed Leases and (ii) each Qualified Bidder at any

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

time no later than **December 19, 2013** shall identify the Contracts and Leases to be assigned Contracts and Leases.

b. **Notices for Assigned Contracts.** As soon as practicable, the Debtors shall serve on all non-Debtor counterparties (the **"Contract Notice Parties"**) to any Contract or Lease that is capable of being assumed and assigned to a Successful Bidder, a **"Contract Notice"** in the form attached hereto as Exhibit 2 that identifies, to the extent applicable (a) the Contract or Lease that may be an Assigned Contract, (b) the name of the counterparty to such Contract or Lease, (c) any applicable cure amount for such Contract or Lease if it becomes an Assigned Contract, and (d) the deadline of **December 16, 2013 at 5:00 p.m.** (the **"Contract Objection Deadline"**) by which any such Contract or Lease counterparty must file a **"Contract Objection"** to the proposed assumption and assignment; *provided, however,* that the presence of a Contract or Lease on a Contract Notice does not constitute an admission that such Contract or Lease is an executory contract and does not bar any Qualified Bidder from excluding any such Contract or Lease from its list of Contracts and Leases to be assumed and assigned. Immediately following the conclusion of the Auction, the Debtors shall file with the Court and a notice (the **"Assumption Notice"**) identifying the Successful Bidder and stating which Contracts or Leases will be Assigned Contracts, and no other or further notice will be required with respect to the Assigned Contracts. If the Successful Bidder designates (or the Successful Bidders designate) any additional Contracts or Leases during the period between the Auction and the Sale Hearing pursuant to subsection (a) above, the Debtors shall file with the Court a revised Assumption Notice. The Contract Notice, substantially in the form attached hereto as Exhibit 2, is hereby approved.

19. To the extent that any Contract Notice Party does not timely file a Contract Objection, such Contract Notice Party shall be (i) forever barred and estopped from (a) objecting to the assumption and assignment of the Contracts and Leases, other than objecting to the ability of a Successful Bidder (or Successful Bidders), other than the Stalking Horse Bidder, to provide adequate assurance of future performance, or (b) asserting that any conditions to the assumption

and assignment of any Contract or Lease must be satisfied under such Contract or Lease before such Contract or Lease may be assumed and assigned, or that any required consent to any such assignment has not been given, (ii) deemed to have consented to the applicable Cure Amount, if any, and bound to such corresponding Cure Amount, (iii) deemed to have agreed that all defaults under the applicable Contract or Lease arising or continuing prior to the effective date of the assignment have been cured.

20. To the extent that a Contract Notice Party fails to object (a) prior to the Objection Deadline with respect to the Stalking Horse Bidder, or (b) at or prior to the Sale Hearing with respect to a Successful Bidder (or Successful Bidders) to a Bidder's ability to provide adequate assurance of future performance, the Contract Notice Party shall be forever barred and estopped from asserting that the Stalking Horse Bidder or a Successful Bidder has (or Successful Bidders have) failed to provide adequate assurance of future performance.

21. If any Contract Notice Party timely files a Contract Objection that cannot be resolved by the Debtors and the Contract Notice Party, the Court shall resolve such Contract Objection at the Sale Hearing, and upon entry of an order by the Court resolving such Contract Objection, the assumption or assumption and assignment shall be deemed effective in accordance with the Sale Order.

## V. <u>Sale Hearing Notice and Related Relief</u>

22. The Sale Notice, substantially in the form annexed hereto as **<u>Exhibit 3</u>**, is hereby approved. Within one (1) business day of entry of this Order, the Debtors shall cause the Sale Notice to be served upon, without limitation, (i) the U.S. Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Secured Lender; (iv) counsel to the Stalking Horse Bidder (v) all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service; (vi) the Environmental Protection Agency; (vii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; (viii) all parties that are known or reasonably believed to have expressed an interest in acquiring all or a substantial portion of the Acquired Assets; (ix) all parties that are known or reasonably believed to have asserted any lien, encumbrance, claim or other interest in the Acquired Assets; (x)

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

all governmental agencies that are an interested party with respect to the Sale and transactions proposed thereunder; (xi) all non-Debtor parties to the Assumed Agreements and (xii) all other known creditors of the Debtors.

23. Compliance with the foregoing notice provisions shall constitute sufficient notice to all parties in interest, including those whose identities are unknown to the Debtors, of the Sale of the Acquired Assets, the contemplated assumption and assignment of the Assumed Agreements and the cure amounts, and no additional notice of such contemplated transactions need be given.

**VI. Appointment of Privacy Ombudsman**

24. The purchased Assets may include private information of certain financing consumers of the Debtors, including e-mail addresses and birthdates. The Debtors have a privacy policy which is under review, and accordingly, the U.S. Trustee is directed to appoint one (1) disinterested person to serve as the consumer privacy ombudsman in connection with the Sale(s) no later than seven (7) days before the Sale Hearing; *provided*, *however*, that if at the conclusion of the Auction(s), neither the Successful Bid(s) nor the Back-Up Bid(s), if any, includes personally identifiable information as part of the Assets to be purchased, then any consumer privacy ombudsman appointed under this provision shall be discharged forthwith upon the filing with the Court, with a copy to the U.S. Trustee, of a declaration or affidavit from the Debtors that no personally identifiable information is included in the purchased Assets; *provided*, *further*, that if the consumer privacy ombudsman is discharged, he or she may seek compensation for any service performed until the date of such discharge.

**VII. Miscellaneous**

25. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

26. The Court finds that the requirements set forth in Local Rule 6004 are hereby satisfied or waived.

27. Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

entry of this Order. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from, based upon or related to this Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101

Attorneys for Debtors

APPROVED / DISAPPROVED:

By: ______________________
COTTON, DRIGGS, WALCH, HOLLEY, WOLOSON & THOMPSON
RICHARD HOLLEY, ESQ.
Nevada Bar No. 3077
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

Attorneys for Mark Finston and James B. Hadden

APPROVED / DISAPPROVED:

By: ______________________
SCHWARTZER & MCPHERSON
LENARD E. SCHWARTZER, ESQ.
Nevada Bar No. 399
JEANETTE MCPHERSON, ESQ.
Nevada Bar No. 5423
2850 S. Jones Blvd., #1
Las Vegas, Nevada 89146

Attorneys for the Official Committee of Unsecured Creditors

APPROVED / DISAPPROVED:

By: ______________________
FOX ROTHSCHILD, LLP
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA C. RUSTIA MOORE, ESQ
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

Attorneys for Carfinco Financial Group, Inc.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

APPROVED / DISAPPROVED:

By: ______________________________
LIONEL SAWYER & COLLINS
RODNEY M. JEAN, ESQ.
Nevada Bar No. 1395
E-mail: rjean@lionelsawyer.com
RYAN ANDERSEN, ESQ.
Nevada Bar No. 12321
E-mail: randersen@lionelsawyer.com
300 South Fourth Street, Suite 1700
Las Vegas, Nevada 89101

CHAPMAN AND CUTLER, LLP
DAVID T.B. AUDLEY, ESQ.
*Admitted Pro Hac Vice*
Illinois Bar No. 6190602
E-mail: audley@chapman.com
111 West Monroe Street
Chicago, Illinois 60603

Attorneys for BMO Harris Bank, N.A.

APPROVED / DISAPPROVED:

By: ______________________________
MAUPIN, COX & LEROY
CHRISTOPHER D. JAIME, ESQ.
Nevada Bar No. 4640
4785 Caughlin Parkway
P.O. Box 30000
Reno, Nevada 89520

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, ESQ.
*Admitted Pro Hac Vice*
1533 Lake Shore Drive
Columbus, Ohio 43204

Attorneys for Phillip D. Nick, Ellen H. Hardymon, Suzanne K. Nick Irrevocable Family Trust One, Suzanne K. Nick Irrevocable Family Trust Two, Thomas F. Havens Irrevocable Family Trust One, and Thomas F. Havens Irrevocable Family Trust Two

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

CHRISTOPHER D. JAIME, ESQ./Phillip D. Nick, *et al.*:
JEANETTE MCPHERSON, ESQ./Committee:
RICHARD HOLLEY, ESQ./Mark Finston & James Hadden:
RYAN ANDERSEN, ESQ./BMO Harris Bank:
BRETT AXELROD, ESQ./Carfinco Financial Group, Inc.:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #