Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar No.:  WI 1000609
*scott.a.farrow@usdoj.gov*

Edward M. McDonald Jr., Trial Attorney
State Bar No.: NY 4126009
*edward.m.mcdonald@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600 Ext. 234
Fax: (702) 388-6658

**Attorneys for the United States Trustee for Region 17
          TRACY HOPE DAVIS**

E-Filed:  December 19, 2013

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WESTERN FUNDING INCORPORATED,<br><br>                              Debtor. | Case No. BK-S-13-17588-LED<br>Chapter 11<br><br>(Jointly Administered) |
| In re:<br><br>WESTERN FUNDING INC. OF NEVADA,<br><br>                              Debtor. | Case No. BK-S-13-17586-LED<br>Chapter 11<br><br>Case No. BK-S-13-17589-LED<br>Chapter 11 |
| In re:<br><br>GLOBAL TRACK GPS, LLC,<br><br>                              Debtor. | Date:  January 21, 2014<br>Time:  10:30 a.m.<br>Location:  Foley Courtroom #3 |

## MOTION OF THE UNITED STATES TRUSTEE TO APPOINT A CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. § 1104(a)(1)

To the Honorable LAUREL E. DAVIS, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17, moves this Court for an order

directing the appointment of a trustee under 11 U.S.C. § 1104(a)(1).  A trustee is necessitated by

1

the self-dealing and breach of fiduciary duty of the Debtors' current management to the

detriment of creditors and possible harm to the estates.  Specifically,

- Debtors' officers obtained officer positions through the stalking horse in the

reorganized debtors.

- Debtors' officers failed to disclose their relationship with the stalking horse until

after submission of a plan, approval of a disclosure statement, and the start of solicitation.

- By becoming officers through the stalking horse in the reorganized debtors,

Debtors' officers shielded themselves from avoidance actions under the plan they

proposed.

- By becoming officers through the stalking horse in the reorganized debtors,

Debtors' officers obtained exculpation under the plan they proposed.

Debtors' efforts in prosecuting an unconfirmable plan involving self-dealing and breaches of

fiduciary duty have delayed the administration of these cases and increased the administrative

expenses that may be asserted against the estates.[1]   Management's conduct requires the

appointment of a trustee.

In support, the United States Trustee states the following:

## MEMORANDUM OF POINTS AND AUTHORITIES

BACKGROUND FACTS AND PROCEDURAL POSTURE

1.      On September 4, 2013, Debtors commenced the captioned cases by filing

voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

---

[1]      The United States Trustee reserves her right to object to professional fees.

101-1532 (as amended, the "Bankruptcy Code").[2]  On September 18, 2013, the Court entered an order providing that the Debtors' cases would be jointly administered with the WFI Case as lead case.  [*See* Docket No. 80.]

2.      Frederick A. Cooper is WFI's debtor representative and is listed on WFI's petition as its President, Chief Executive Officer and Director.  [*See* WFI Case, Docket No. 1, p. 3 of 85.]  Frederick A. Cooper is WFIN's debtor representative and is listed on WFIN's petition as its President.  [*See* WFIN Case, Docket No. 1, p. 3 of 12.]  Frederick A. Cooper is GTGPS's debtor representative and is listed on GTGPS's petition as its President and Manager.  [*See* WFI Case, Docket No. 1, p. 3 of 13.]

3.      On October 2, 2013, the Debtors filed their schedules and statements of financial affairs.  [*See* WFI Case, Docket No. 137; *see also* WFIN Case, Docket No. 31; *see also* GTGPS Case, Docket No. 27.]

4.      Debtors again filed amended schedules on November 7, 2013.  WFIN's amended statement of financial affairs indicates that $292,595.00 was paid by WFIN to WFI between September 2012 and July 2013.  [*See* WFIN Case, Docket No. 37, p. 9 of 15; item 3(c).]  GTGPS's amended statement of financial affairs indicates that no payments were made to insiders during the one year look back period.  [*See* GTGPS Case, Docket No. 34, p. 10 of 16; item 3(c).]

5.      WFI's amended statement of financial affairs indicates that over $2.2 million was paid to Frederick and/or Katherine Cooper during the one year look back period.  [*See* WFI Case, Docket No. 293-3, pp. 28 & 37-38 of 45; item 3(c) and attachment.]

---

[2]      Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, unless otherwise indicated.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.    WFI again amended its statement of financial affairs on November 20, 2013, again disclosing numerous payments to insiders, including Frederick and Katherine Cooper, during the one year look back period.  [*See* WFI Case, Docket No. 349, pp. 8 & 17-30 of 30; item 3(c) and attachment.]

7.    On November 15, 2013, the Debtors filed an initial proposed joint plan (the "Initial Plan") and disclosure statement.  [*See* Docket No. 321.]

8.    The Initial Plan provided that general unsecured creditors for the Debtors would receive payment by liquidation of avoidance actions.  [*See* WFI Case, Docket No. 321-5, p. 5 of 22; Initial Plan Section 4.05.]

9.    The Disclosure Statement was approved by an order entered on November 26, 2013. [Docket No. 383.]

10.    On November 26, 2013, after the order was entered approving the Disclosure Statement, Debtors filed an amended joint plan (the "Amended Plan") and disclosure statement. [*See* Docket Nos. 384 & 385.]

11.    Section 4.05 of the Amended Plan has been altered to provide that general unsecured creditors would now receive "their Pro Rata share of the sum of the aggregate proceeds of any Liquidating Trust Avoidance Actions."  [*See* WFI Case, Docket No. 385, p. 29 of 61; Amended Plan Section 4.05.]

12.    The Amended Plan defines avoidance actions that can be prosecuted by the liquidating trustee for the benefit of unsecured creditors as "Avoidance Actions that are **not Retained Claims**."  [*See* WFI Case, Docket No. 385, p. 16 of 61; Amended Plan Section 1.02 (89) (emphasis added).]  The Amended Plan defines "Retained Claims" as:

Retained Claims means any rights, **Causes of Action (including Avoidance Actions**) and Claims (including claims under chapter 5 of the Bankruptcy Code) of a Reorganized Debtor (i) relating to, or against a counter party to a Desired 365 Contract that is assumed by a Reorganized Debtor or assumed and assigned to a Purchaser; (ii) relating to all Vested Assets; and (iii) **relating to all employees, officers and directors of Reorganized Debtors (unless such Persons are Excluded Persons). For the avoidance of doubt, all Avoidance Actions against any Excluded Persons are Liquidating Trust Avoidance Actions.**

[*See* WFI Case, Docket No. 385, p. 19 of 61; Amended Plan Section 1.02 (124) (emphasis added).]

13.     The "Excluded Persons," against whom the Liquidating Trust may initiate avoidance actions, do not include the Coopers, but do include the managers and Class B members of WFI's parent company, whom Mr. Cooper alleges interfered with his attempt to finance WFI and who engaged in litigation with WFI, which Mr. Cooper alleges caused WFI's deterioration.  [*See* WFI Case, Docket No. 385, p. 19 of 61; Amended Plan Section 1.02 (124); *see also* WFI Case, Docket No. 137, pp. 5 – 16; ¶¶ 15, 18, 28-34 & 45-53.]

14.     The Amended Plan also contains a section that releases the Stalking Horse and its officers and affiliates from claims that the Liquidating Trust might have against it.  [*See* WFI Case, Docket No. 385, pp. 54-55 of 61; Amended Plan Section 15.04.]

15.     The Stalking Horse, the reorganized debtors and their affiliates and "Related Persons" which include predecessor and successor officers and directors are also exculpated under the Amended Plan.  [*See* WFI Case, Docket No. 385, p. 55 of 61; Amended Plan Section 15.05.]  These releases are backed by a permanent injunction.  [*See* WFI Case, Docket No. 385, p. 55 of 61; Amended Plan Section 15.06.]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16.        Approximately 36 hours before the voting deadline on the Plan, Debtors filed a

supplement to the Amended Plan on the afternoon of December 14, 2013 consisting of 80 pages

of documents.   [*See* Docket No. 510.]  This supplement included a list of proposed directors and

officers for the reorganized WFI and GTGPS, including:  (a) Mr. Fred Cooper as the President of

both Western Funding Incorporated and Global Track GPS LLC; and, (b) Katherine Cooper as

the Chief Operating Officer of both Western Funding Incorporated and Global Track GPS LLC.

[*See* Docket No. 510-2, p. 2 of 2.]

17.        The United States Trustee requests that the Court take judicial notice of the

pleadings and documents filed in these bankruptcy cases pursuant to FRBP 9017 and Federal

Rule of Evidence 201.  To the extent that the Motion contains factual assertions predicated on

statements made by Debtors or their agents in documents filed by Debtors in these bankruptcy

cases, the United States Trustee submits that such factual assertions are supported by admissible

evidence in the form of admissions of a party opponent under FRBP 9017 and Federal Rule of

Evidence 801(d)(2).

JURISDICTION AND VENUE

18.        The Bankruptcy Court has original and exclusive jurisdiction over Debtors'

bankruptcy case pursuant to 28 U.S.C. § 1334(a).  The Bankruptcy Court also has subject matter

jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. §

1334(b) as the relief sought under Sections 1104 and 1112(b)(1) constitutes a civil proceeding

arising under the Bankruptcy Code.

19.        Adjudication of the Motion constitutes a core proceeding under 28 U.S.C.

157(b)(2)(A) and (O).  The filing of a motion to appoint a trustee initiates a contested matter

governed by FRBP 9014.  If, however, it is ultimately determined that the bankruptcy judge,

6

1    absent consent of the parties, cannot enter final orders or judgment consistent with Article III of

2    the United States Constitution, then the United States Trustee hereby consents to entry of final

3    order(s) or judgment by the bankruptcy judge in accordance with Local Rule 9014.2(a).

4

5    20.    Venue of Debtors' bankruptcy case and the contested matter presented by the

6    Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7    21.    The United States Trustee has standing to prosecute the Motion pursuant to

8    Sections 307 and 1104 and FRBP 2007.1 and 9014.  *See Stanley v. McCormick, Barstow,*

9    *Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) (stating

10   that "The United States Trustee may be heard on any issue in any case or proceeding under title

11   11.").  The United States Trustee brings this Motion as a result of monitoring bankruptcy cases

12

13   under chapter 11 of the Bankruptcy Code pursuant to 28 U.S.C. § 586(a)(3).

14                            **SUMMARY OF ARGUMENT**

15   22.    The United States Trustee moves for an order directing the appointment of a

16

17   trustee under 11 U.S.C. § 1104(a)(1).  Cause has been established in this case by the self-dealing

18   and breach of fiduciary duty of the Debtors' current management to the detriment of creditors

19   and possible harm to the estates.  Specifically:  (a) Debtors' officers obtained officer positions

20   through the stalking horse in the reorganized debtors; (b) Debtors' officers failed to disclose their

21   relationship with the stalking horse until after submission of a plan, approval of a disclosure

22   statement, and the start of solicitation; (c) by becoming officers through the stalking horse in the

23   reorganized debtors, Debtors' officers shielded themselves from avoidance actions under the

24   plan they proposed; and, (d) by becoming officers through the stalking horse in the reorganized

25   debtors, Debtors' officers obtained exculpation under the plan they proposed.  In addition,

26   Debtors' efforts in prosecuting an unconfirmable plan involving self-dealing and breaches of

27

28

                                  7

fiduciary duty have delayed the administration of these cases and increased the administrative

expenses that may be asserted against the estates.  Once cause is established, the Court must

order the appointment of a trustee pursuant to Section 1104(a)(1).

## ARGUMENT

### A.    The Burden of Proof

23.    Parties seeking the appointment of a trustee pursuant to 11 U.S.C. § 1104(a)(1)

bear the burden of proving by a preponderance of the evidence that the appointment of a trustee

is appropriate.  The higher standard of clear and convincing evidence does not control.  *See*

*Tradex Corp. v. Morse*, 339 B.R. 823, 830-32 (D. Mass. 2006) (noting that "general Supreme

Court reasoning in the bankruptcy realm suggests that the reflexive endorsement of a demanding

'clear and convincing' evidentiary burden regarding trustee appointments under § 1104 is

anamolous."); *In re Altman*, 230 B.R. 6, 16-17 (Bankr. D. Conn. 1999), vacated in part on other

grounds, 254 B.R. 509 (D. Conn. 2000) (same); *see also Grogan v. Garner*, 498 U.S. 279, 286

(1991) (noting that the general standard of proof in civil and bankruptcy cases, and in

nondischargeability litigation in particular, is a preponderance of the evidence); *see also* Clifford

J. White III & Walter W. Theus, Jr., *Chapter 11 Trustees and Examiners After BAPCPA*, 80 AM.

BANKR. L. J. 289, 315-16 (2006) (Because 11 U.S.C. § 1104(e) requires the United States

Trustee to file a motion for appointment of a trustee based only upon "reasonable grounds to

suspect fraud or other dishonest conduct," the adoption of § 1104(e) "calls for a reexamination of

the case law that established this heightened level of proof.").  *But see In re Marvel*

*Entertainment Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998) (requiring clear and convincing

evidence for the appointment of a trustee under 11 U.S.C. § 1104(a)).  Although there is a

presumption that a debtor will remain in possession, Section 1104(a)(1) "reflects criteria which

8

1    mandate the appointment of a trustee for cause. . . .  Under this subsection the court's

2    discretionary powers are circumscribed and are limited to a judicial determination of whether

3    'cause,' as defined, exists." *Tradex Corp.*, 339 B.R. at 827, quoting *In re Eichorn*, 5 B.R. 755,

4

5    757 (Bankr. D. Mass. 1980).

6        **B.    Ample cause exists to appoint a trustee in this case pursuant to 11 U.S.C. §
             1104(a)(1).**

7

8        24.    Section 1104(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

9            (a) At any time after the commencement of the case but before
             confirmation of a plan, on request of a party in interest or the
10           United States trustee, and after notice and a hearing, the court shall
             order the appointment of a trustee

11

12               (1) for cause, including fraud, dishonesty, incompetence or
                 gross mismanagement of the affairs of the debtor by current
13               management, either before or after commencement of the
                 case, or similar cause, but not including the number of
14               holders of securities of the debtor or the amount of assets or
                 liabilities of the debtor.
15

16   11 U.S.C. § 1104(a)(1) (emphasis added).

17

18       25.    The Bankruptcy Code also provides that:

19           The United States trustee shall move for the appointment of a
             trustee under subsection (a) if there are reasonable grounds to
20           suspect that current members of the governing body of the debtor,
             the debtor's chief executive or chief financial officer, or members
21           of the governing body who selected the debtor's chief executive or
             chief financial officer, participated in actual fraud, dishonesty, or
22           criminal conduct in the management of the debtor or the debtor's
             public financial reporting.
23

24   11 U.S.C. § 1104(e).

25       26.    Section 1104(a) of the Bankruptcy Code is rooted in the concept of the debtor's

26   fiduciary duty and obligation owed to all of its creditors and parties-in-interest.  *See, e.g., Wolf v.*

27   *Weinstein*, 372 U.S. 633, 649 (1963) ("so long as the Debtor remains in possession, it is clear

28
                                        9

that the corporation bears essentially the same fiduciary obligations to the creditors as does the

trustee for the Debtor out of possession"); *Commodity Futures Trading Comm'n v. Weintraub*,

471 U.S. 343, 355 (1985) (stating that the willingness to leave debtors in possession "is premised

upon an assurance that the officers and managing employees can be depended upon to carry out

the fiduciary responsibility of a trustee").

27.     Self-dealing by management is cause to appoint a trustee.  *See In re Keeley and*

*Grabanski Land Partnership*, 455 B.R. 153, 164 (8th Cir. B.A.P. 2011) (finding that cause

existed to appoint a Chapter 11 trustee where debtor's management had refused a reasonable

offer, endorsed by debtor's own marketing agent, on debtor's property, was farming the property

without paying rent, and was therefore engaging in self-dealing).  *See also Sun Cruz Casinos*,

298 B.R. 821, 830 (Bankr. S.D. Fla. 2003)*, citing In re Intercat, Inc.*, 247 B.R. 911, 921 (Bankr.

S.D. Ga. 2000) and *In re Bellevue Place Assocs.*, 171 B.R. 615, 622 (Bankr. N.D. Ill. 1994)

(emphasis added).

28.     In addition, courts have found that acrimony between a debtor's management and

creditors is grounds for appointment of a Chapter 11 trustee.  *In re Marvel Entertainment Group,*

*Inc.*, 140 F.3d 463, 473 (3d Cir. 1998) (finding on appellate review that the District Court

properly exercised its discretion in appointing a trustee where the District Court found that

conflict of interest on the part of the debtor-in-possession caused or inspired a lack of confidence

among creditor constituencies such that an appointment of a neutral trustee was necessary to

move the case forward).

29.     Debtors-in-possession, such as the three involved in these jointly administered

cases, are fiduciaries to their creditors.  *See, e.g., In re Bellevue Place Assocs.*, 171 B.R. 615, 623

(Bankr. N. D. Ill. 1994).  A debtor-in-possession's fiduciary obligations "include a duty of care

to protect the assets, a duty of loyalty and a duty of impartiality." *In re Eurospark, Indus., Inc.*,

424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010) (citations omitted).  Indeed, "[t]o fulfill its duty of

loyalty, a debtor-in-possession must 'avoid self-dealing, conflicts of interest and the appearance

of impropriety.'"    *Id.* (citations omitted).  "When a debtor in possession is incapable of

performing these duties a trustee is properly appointed." *In re Nautilus of New Mexico, Inc.*, 83

B.R. 784, 789 (Bankr. D. N.M. 1988).  As set forth herein, the Coopers have shown that they are

incapable of performing these duties.

      30.      The United States Trustee represents that a trustee is necessitated by the self-

dealing and breach of fiduciary duty by Debtors' management, specifically that:  (a) Debtors'

officers obtained officer positions through the stalking horse in the reorganized debtors; (b)

Debtors' officers failed to disclose their relationship with the stalking horse until after

submission of a plan, approval of a disclosure statement, and the start of solicitation; (c) by

becoming officers through the stalking horse in the reorganized debtors, Debtors' officers

shielded themselves from avoidance actions under the plan they proposed; and, (d) by becoming

officers through the stalking horse in the reorganized debtors, Debtors' officers obtained

exculpation under the plan they proposed.  Management's conduct requires the appointment of a

trustee.

[CONTINUED ON NEXT PAGE]

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an

order (a) granting the Motion; (b) ordering the appointment of a chapter 11 trustee for the estates

of the Debtors; and (c) granting such other relief as the Court deems just under the

circumstances.

Dated:  December 19, 2013

                                              Respectfully submitted,

                                              **TRACY HOPE DAVIS**
                                              **UNITED STATES TRUSTEE, REGION 17**

                                              By: _/s/ Edward M. McDonald Jr._
                                                  Edward M. McDonald Jr., Esq.
                                                  Attorney for the United States Trustee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# PROPOSED FORM OF ORDER

1

2

3

4

5

6

7 Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar No.:  WI 1000609
8 *scott.a.farrow@usdoj.gov*

9 Edward M. McDonald Jr., Trial Attorney
State Bar No.: NY 4126009
10 *edward.m.mcdonald@usdoj.gov*

11 **UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
12 300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
13 Tel: (702) 388-6600 Ext. 234
Fax: (702) 388-6658

14

**Attorneys for the United States Trustee for Region 17**
15     **TRACY HOPE DAVIS**

16

**UNITED STATES BANKRUPTCY COURT**
17
**DISTRICT OF NEVADA**
18

| | |
|---|---|
| 19 In re:<br><br>20 WESTERN FUNDING INCORPORATED,<br><br>Debtor. | Case No. BK-S-13-17588-LED<br>Chapter 11<br><br>(Jointly Administered) |
| 21 In re:<br><br>22 WESTERN FUNDING INC. OF NEVADA,<br><br>23 Debtor. | Case No. BK-S-13-17586-LED<br>Chapter 11<br><br>Case No. BK-S-13-17589-LED<br>Chapter 11 |
| 24 In re:<br><br>25 GLOBAL TRACK GPS, LLC,<br><br>26 Debtor. | Date:  January 21, 2014<br><br>Time:  10:30 a.m.<br><br>Location:  Foley Courtroom #3 |

27                                     **O**RDER

28

1

1       Based on the *Motion of the United States Trustee to Appoint A Chapter 11 Trustee,*

2 *Pursuant To 11 U.S.C. § 1104(a)(1)* (the "Motion"), the hearing held on January 21, 2014

3
4 (appearances noted on the record), the Court having reviewed and considered the Motion; and

5 the Court having entertained the arguments of counsel; and the Court having stated its findings

6 of fact and conclusions of law on the record at the hearing, which are incorporated herein by

7 reference in accordance with FED. R. CIV. P. 52, made applicable here pursuant to FED. R.

8 BANKR. P. 9014 and 7052; and good cause having been shown,

9
10      **IT IS HEREBY ORDERED** that the *Motion of the United States Trustee to Appoint A*

11 *Chapter 11 Trustee, Pursuant To 11 U.S.C. § 1104(a)(1)* is **GRANTED**; and,

12      **IT IS FURTHER ORDERED** that the United States Trustee is hereby authorized and

13 directed to appoint a Chapter 11 trustee forthwith for the estates of Western Funding, Inc.,

14 Western Funding Inc. of Nevada and Global Track GPS, LLC.

15
16
17 **IT IS SO ORDERED.**

18
19 Submitted by:
20 By: */s/ Edward M. McDonald Jr.*
   Edward M. McDonald Jr., Esq.
21    United States Department of Justice
   Attorney for the United States Trustee
22
23
24
25
26
27
28

2

1

RULE 9021 DECLARATION

2

In accordance with LR 9021, counsel submitting this document certifies that the order

3

accurately reflects the Court's ruling and that:

4

5

☐ The court has waived the requirement of approval under LR 9021(b)(1).

6

☐ No party appeared at the hearing or filed an objection to the motion.

7

8

☒ I have delivered a copy of this proposed order to all counsel who appeared at the
hearing, and any unrepresented parties who appeared at the hearing, and each has
approved or disapproved the order, or failed to respond, as indicated below:

9

10

APPROVE/DISAPPROVE

11

12

13

_____

Matthew C. Zirzow, Esq.

14

Larson & Zirzow

810 S. Casino Center Blvd. #101

15

Las Vegas, NV 89101

16

Counsel to the Debtors

17

18

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with
the motion pursuant to LR 9014(g), and that no party has objected to the form or content
of the order.

19

20

I declare under penalty of perjury that the foregoing is true and correct.

21

22

**TRACY HOPE DAVIS**

**UNITED STATES TRUSTEE, REGION 17**

23

By: */s/ Edward M. McDonald Jr.*

24

Edward M. McDonald Jr., Esq.

United States Department of Justice

25

Attorney for the United States Trustee

26

27

28

3