LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Facsimile: (702) 382-1169

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WESTERN FUNDING INCORPORATED,<br><br>        Debtor. | Case No.: BK-S-13-17588-LED<br>Chapter 11<br>(Jointly Administered) |
| In re:<br><br>WESTERN FUNDING INC. OF NEVADA,<br><br>        Debtor. | Case No.: BK-S-13-17586-LED<br>Chapter 11 |
| In re:<br><br>GLOBAL TRACK GPS, LLC,<br><br>        Debtor. | Case No.: BK-S-13-17589-LED<br>Chapter 11 |

## DEBTORS' JOINT PLAN OF LIQUIDATION

# TABLE OF CONTENTS

ARTICLE I RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING
LAW AND DEFINED TERMS ..................................................................................1
   A.    Rules of Interpretation, Computation of Time and Governing Law ...........1
   B.    Defined Terms ..............................................................................................1

ARTICLE II TREATMENT OF UNCLASSIFIED CLAIMS: ADMINISTRATIVE CLAIMS,
PRIORITY TAX CLAIMS AND PROFESSIONAL FEE CLAIMS ..............................8
   A.    Administrative Claims and Administrative Claim Bar Date .......................8
   C.    Priority Tax Claims ......................................................................................8
   D.    Professional Fee Claims and Final Fee Applications ..................................8

ARTICLE III CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND
INTERESTS .................................................................................................................9
   A.    Summary ......................................................................................................9
   B.    Classification and Treatment of Classified Claims and Equity Interests .........9

ARTICLE IV ACCEPTANCE OR REJECTION OF THE PLAN ...................................12
   A.    Acceptance by an Impaired Class ..............................................................12
   B.    Nonconsensual Confirmation.....................................................................12

ARTICLE V MEANS FOR IMPLEMENTATION OF THE PLAN ..................................12
   A.    Sale of Assets and Funding of Distributions Under the Plan ....................12
   B.    Continued Existence of the Debtors and Appointment of the Plan Administrator ...........13
   C.    Establishment of and Vesting of Assets in Post-Confirmation Estate ...............13
   D.    Duties, Rights and Powers of the Plan Administrator and Funding ..............13
   E.    Dissolution of the Debtors .........................................................................14
   F.    No Agency Relationship and Limitation of Liability of Plan Administrator ..........14
   G.    Establishment of Liquidation Trust and Vesting of Liquidation Trust Assets .................15
   H.    Cancellation of Notes, Instruments, Debentures and Equity Securities ...........15
   I.    Dissolution of the Committee .....................................................................16
   J.    Closing of the Debtors' Chapter 11 Cases ................................................16
   K.    Settlement of Claims and Controversies ...................................................16

ARTICLE VI PROVISIONS GOVERNING DISTRIBUTIONS ....................................16
   A.    Timing and Delivery of Distributions on General Unsecured Claims ..............16
   B.    Objections to and Resolution of Disputed Claims ....................................17
   C.    Estimation of Claims ..................................................................................17
   D.    Time-Barred Claims and Amendments to Claims .....................................17
   E.    Interest on Distributions .............................................................................18
   F.    Delivery of Distributions ............................................................................18
   G.    Unclaimed Distributions ............................................................................18
   H.    Means of Cash Payment.............................................................................18
   I.    Compliance with Tax Requirements ..........................................................18
   J.    Distribution Record Date ...........................................................................19

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

K.      Fractional Cents ................................................................................................19

ARTICLE VII CONDITIONS TO CONFIRMATION AND EFFECTIVENESS ......................19
A.      Conditions to Confirmation ...............................................................................19
B.      Conditions to Plan Effectiveness .......................................................................19
C.      Waiver of Conditions .........................................................................................20

ARTICLE VIII TREATMENT OF EXECUTORY CONTRACTS AND LEASES ..................20
A.      Contracts and Leases Not Specifically Assumed and Assigned are Rejected .................20
B.      Bar Date for Filing Claim For Rejection Damages ...........................................20
C.      Preexisting Obligations to the Debtors Under Executory Contracts and
         Unexpired Leases ...............................................................................................20

ARTICLE IX EFFECTS OF CONFIRMATION OF THE PLAN ............................................21
A.      Exculpation .........................................................................................................21
B.      Compromise and Settlement of Claims, Equity Interests and Controversies .................21

ARTICLE X RETENTION OF JURISDICTION .....................................................................21
A.      Jurisdiction over Claims and Actions ................................................................21
B.      Retention of Jurisdiction ....................................................................................22

ARTICLE XI NOTICE PROVISIONS .....................................................................................23
A.      Notices ................................................................................................................23
B.      Limitation on Notice ..........................................................................................24

ARTICLE XII MISCELLANEOUS PROVISIONS .................................................................24
A.      U.S. Trustee Fees ...............................................................................................24
B.      Post-Effective Date Injunctions or Stays ..........................................................24
C.      Setoffs/Counterclaims ........................................................................................25
D.      Plan Supplement .................................................................................................25
E.      Amendment or Modification of the Plan ............................................................25
F.      Revocation and Withdrawal of the Plan .............................................................26
G.      Severability .........................................................................................................26
H.      Exemption from Certain Taxes and Fees ...........................................................26
I.       Business Days .....................................................................................................26
J.       Governing Law ...................................................................................................27
K.      Headings .............................................................................................................27
L.      Exhibits ...............................................................................................................27
M.     Entire Agreement ...............................................................................................27

**EXHIBITS**

**Exhibit 1** Form of Liquidation Trust Agreement

Pursuant to 11 U.S.C. § 1121, Debtors hereby jointly propose the following *Joint Plan of Liquidation*.

## ARTICLE I

## RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS

*A.    Rules of Interpretation, Computation of Time and Governing Law*

1.    For purposes of this document: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions or as may have been amended in accordance with its terms; (c) any reference herein to an existing document or exhibit having been filed or to be filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented; (d) unless otherwise specified, all references herein to "Articles" are references to Articles hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (f) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (h) any term used in capitalized form herein that is not otherwise defined herein, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and (i) all references to amounts to be paid from the Plan Administrator, the Liquidation Trustee, the Debtors or the Agent mean amounts to be paid from such parties in accordance with the Plan.

2.    The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

*B.    Defined Terms*

As used in the Plan, capitalized terms have the meanings set forth below.

1.    "*Administrative Claim*" means a Claim incurred by the Debtors or their respective estates before the Effective Date for a cost or expense of administration of the Chapter 11 Cases entitled to priority under Bankruptcy Code §§ 503(b), including, but not limited to, Claims arising under § 503(b)(9) and 507(a)(2), other than Professional Fee Claims.

2.    "*Agent*" means BMO Harris Bank, N.A., acting in its capacity as agent under the Existing Credit Facility.

3.    "*Allowed*" means (a) with respect to Claims or Interests, a Claim or Interest (i) which has been scheduled as undisputed, non-contingent and liquidated in the Schedules (subject to the Debtors' right to amend the Schedules) and as to which no objection or request for

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

estimation has been filed on or before the applicable Claim Objection Deadline set by the Bankruptcy Court or the expiration of such other period fixed by the Bankruptcy Court, (ii) as to which a Proof of Claim has been properly and timely filed and either (x) no objection thereto has been timely filed, or if an objection has been timely filed, such portion of which is not subject to such objection, or (y) such Claim has been allowed (but only to the extent allowed) by a Final Order, (iii) which is compromised, settled or otherwise resolved pursuant to the authority granted to the Debtors before the Effective Date, and thereafter by the Plan Administrator or the Liquidation Trustee, pursuant to the authority granted under the Plan or (iv) which has been expressly allowed under the provisions of the Plan; and (b) with respect to any Administrative Claim (i) a Claim that represents an actual and necessary expense of preserving the Debtors' estates or operating the businesses of the Debtors, to the extent such Claim is determined by the Plan Administrator to constitute an Administrative Claim; or (ii) a Claim that is Allowed in whole or in part by a Final Order, and only to the extent that such Allowed portion is determined pursuant to Final Order to constitute a cost or expense of administration under section 503(b) of the Bankruptcy Code; and (iii) a Claim that represents a Professional Fee Claim to the extent such Professional Fee Claim is Allowed by an order of the Bankruptcy Court. "Allowed Claim" shall not, for purposes of computation of distributions under the Plan, include interest on such Claim from and after the Petition Date.

4.       "*Asset Purchase Agreement*" or "*APA*" means that *Asset Purchase Agreement* by and among the Debtors and the Buyer, dated January __, 2014 (as may be amended, modified or supplemented from time to time, collectively with all related agreements, documents or instruments and all exhibits, schedules and addenda thereto), as approved by the Bankruptcy Court in the Sale Order [Docket No. ____].

5.       "*Avoidance Actions*" means any causes of action that arise under Bankruptcy Code §§ 502(d), 544, 545, 547, 548, 549 and 550. For the avoidance of doubt, Avoidance Actions shall not include any claims released pursuant to Article IX of the Plan.

6.       "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as in effect on the Petition Date, together with any amendments and modifications thereto that were subsequently made applicable to the Chapter 11 Cases.

7.       "*Bankruptcy Court*" means the United States Bankruptcy Court for the District of Nevada.

8.       "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure, as in effect on the Petition Date, together with any amendments and modifications thereto that were subsequently made applicable to the Chapter 11 Cases.

9.       "*Bar Date*" means any deadlines fixed by the Bankruptcy Court or Local Rules for the filing of a Proof of Claim or request for payment of an Administrative Claim. The Bar Dates in the Chapter 11 Cases are (a) January 8, 2014 for non-governmental units and (b) April 8, 2014 for governmental units, pursuant to Local Rule 3003. The Plan establishes an Administrative Claims bar date that is thirty (30) days after the Effective Date, as described in Article II below.

10.       "*Business Day*" means any day, other than a Saturday, Sunday or "legal holiday" as defined in Bankruptcy Rule 9006(a).

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

11.    *"Buyer"* means Westlake Financial Services, LLC, or its designee, as purchaser under the APA.

12.    *"Cash"* means lawful currency of the United States and its equivalents; *provided, however*, that any distributions under the Plan will be deemed to be made in Cash if made by check drawn on any United States bank.

13.    *"Cash Collateral Order"* means the *Final Order Granting Motion to Approve Stipulation Authorizing Debtors to Use Cash Collateral, Granting Adequate Protection and Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362 and 363* [ECF No. 237], the stipulation approved thereby, and any amendments or supplements thereto as approved by the Bankruptcy Court.

14.    *"Causes of Action"* means Avoidance Actions, D&O Claims and the Other Causes of Action. For the avoidance of doubt, Causes of Action shall not include any claims released pursuant to Article IX of the Plan.

15.    *"Chapter 11 Cases"* means the bankruptcy cases commenced by the Debtors in the Bankruptcy Court on September 4, 2013, which bankruptcy cases are jointly administered under Case No. BK-S-13-17588 (LED).

16.    *"Claim"* means a "claim" as defined in section 101(5) of the Bankruptcy Code and, except as otherwise provided in the context, means a claim against the Debtors or their estates.

17.    *"Claim Objection Deadline"* means the date by which the Plan Administrator and Liquidation Trustee shall file and serve all objections to Claims, which date shall be the later of (a) one hundred and twenty (120) days after the Effective Date or (b) thirty (30) days after the filing of any Claim, including any Claim for damages arising from the Debtors' rejection of an Executory Contract or Unexpired Lease; *provided, however*, that the Claim Objection Deadline shall not apply to any Claim filed after the applicable Bar Date. The Claim Objection Deadline may be extended for one ninety (90) day period by the Plan Administrator or the Liquidation Trustee by filing a notice of the extended Claim Objection Deadline with the Bankruptcy Court. Thereafter, the Claim Objection Deadline may be further extended only by an order of the Bankruptcy Court.

18.    *"Claims Register"* means the official Claims Register as maintained by the Clerk of the Bankruptcy Court.

19.    *"Class"* means any of the categories of Claims or Interests established under the Plan pursuant to Bankruptcy Code §§ 1122 and 1123(a).

20.    *"Committee"* means the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases.

21.    *"Confirmation Date"* means the date upon which the Bankruptcy Court enters the Confirmation Order.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

3

22.    *"Confirmation Order"* means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

23.    *"D&O Claims"* means any Claim held by the Debtors as of the Petition Date against any director or officer of a Debtor or an affiliate.

24.    *"Debtors"* means, collectively, Western Funding Incorporated, a California corporation, Western Funding Inc. of Nevada, a Nevada corporation, and Global Track GPS, LLC, a Delaware limited liability company.

25.    *"Deficiency Amount"* means the amount by which the total amount of a Claim exceeds the value of the property securing such Claim as of the date of the valuation of the property for purposes of allowance of such Claim.

26.    *"Deficiency Claim"* means a Claim on account of a Deficiency Amount.

27.    *"Disallowed"* means, as it relates to any type of Claim, all or any portion thereof that (a) has been disallowed by Final Order, (b) is scheduled as zero or as contingent, disputed or unliquidated and as to which no Proof of Claim has been timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order establishing a Bar Date, (c) is not scheduled and as to which no Proof of Claim has been timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order establishing a Bar Date, (d) has been withdrawn by agreement of the holder thereof and the Debtor, before the Effective Date, or thereafter has been withdrawn by agreement of the Plan Administrator or the Liquidation Trustee and the holder thereof, (e) has been withdrawn by the holder thereof or (f) is not an Allowed Claim.

28.    *"Disclosure Statement"* means the disclosure statement with respect to the Plan, approved by the Bankruptcy Court in accordance with Bankruptcy Code § 1125, as it may be altered, amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

29.    *"Disputed"* means, with reference to any Claim, any such Claim (a) to the extent neither (x) an Allowed Claim or a Disallowed Claim under the Plan or a Final Order nor (y) deemed an Allowed Claim under the Plan or under Bankruptcy Code § 502, 503 or 1111,(b) which has been or hereafter is listed by a Debtor on its Schedules as unliquidated, disputed or contingent and which has not been resolved by written agreement of the parties or a Final Order or (c) as to which the Debtors, the Plan Administrator, the Liquidation Trustee or any other party in interest has interposed a timely objection and/or request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, which objection or request for estimation has not been withdrawn or determined by a Final Order. Because holders of Allowed Interests will not receive any distribution on account of such Interests, it is unnecessary to characterize any Interests, or part thereof, as Disputed.

30.    *"Distribution Date(s)"* means the date(s) on which the Liquidation Trustee determines that distributions to holders of Allowed General Unsecured Claims should be made under the Plan.

31.    *"Distribution Record Date"* means the Confirmation Date.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

32.    "*Effective Date*" means the date that is the first Business Day after the Confirmation Date on which (a) no stay of the Confirmation Order is in effect and (b) all conditions precedent to the Effective Date have been either satisfied or waived.

33.    "*Exculpated Parties*" means (a) the Debtors, (b) the Committee and its members in their capacity as Committee members and (c) with respect to (a) and (b), each of their Retained Professionals.

34.    "*Existing Credit Facility*" means the credit facility provided to Debtors pursuant to that certain Credit Agreement, dated as of March 14, 2012 (as amended, supplemented or otherwise modified from time to time).

35.    "*Final Distribution Date*" means the last date on which a final distribution is made to holders of Allowed General Unsecured Claims under the terms of the Plan.

36.    "*Final Order*" means a judgment, order, ruling or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal having jurisdiction over the subject matter thereof which judgment, order, ruling or other decree has not been reversed, stayed, modified or amended and as to which (a) the time to appeal or petition for review, rehearing or certiorari or move for re-argument has expired or shall have been waived in writing in form and substance satisfactory to the Debtor, before the Effective Date, and thereafter to the Plan Administrator or the Liquidating Trustee, as applicable, and as to which no appeal or petition for review, rehearing or certiorari or motion for re-argument is pending or (b) any appeal or petition for review, rehearing, certiorari or re-argument has been finally decided and no further appeal or petition for review, rehearing, certiorari or re-argument can be taken or granted; *provided, however*, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be filed with respect to such order shall not cause such order not to be a Final Order.

37.    "*General Unsecured Claim*" means any Claim that is not an Administrative Claim, a Priority Tax Claim, a Professional Fee Claim, an Other Priority Claim, a Secured Claim, or an Intercompany Claim.

38.    "*Initial Distribution Date*" means the date, as determined by the Liquidation Trustee, when the first distribution to holders of Allowed General Unsecured Claims are made under the Plan; *provided, however*, that the Initial Distribution Date may also be the Final Distribution Date if so determined by the Liquidation Trustee.

39.    "*Intercompany Claim*" means any Claim held by any Debtor against another Debtor(s).

40.    "*Interest*" means any ownership interest, equity or share in Debtors (including all options, warrants or other rights to obtain such an interest or share in Debtors) whether or not certificated, transferable, preferred, common, voting or denominated "stock" or a similar security.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

5

41.    "*Liquidation Trust*" means the irrevocable trust created pursuant to the Liquidation Trust Agreement on the Effective Date in accordance with this Plan, the Confirmation Order and the Liquidation Trust Agreement.

42.    "*Liquidation Trust Agreement*" means the Liquidation Trust Agreement to be dated as of the Effective Date, a form of which will be filed as part of the Plan Supplement, establishing the terms and conditions of the Liquidation Trust.

43.    "*Liquidation Trust Assets*" means the (i) the Causes of Action and any proceeds thereof; (ii) all defenses, offsets, rights of recoupment, rights of disallowance, recharacterization and/or equitable subordination of the Debtor and the estate with respect to Causes of Action; (iii) any and all real property or personal property remaining unsold as of the Confirmation Date; and (iv) all rights of the Liquidating Trust arising from the Plan itself.

44.    "*Liquidation Trustee*" means Brian D. Shapiro, whose compensation will be disclosed in the Plan Supplement.

45.    "*Local Rules*" means the Local Rules for the Bankruptcy Court, as now in effect or as the same may be amended from time to time.

46.    "*Other Causes of Actions*" means any Claims, actions, refunds, causes of action, suits, proceedings, rights of recovery, rights of setoff, rights of recoupment or other similar rights, in each case, not related to the Acquired Assets, the Business or the Assumed Liabilities as defined under the APA. For the avoidance of doubt, Other Causes of Action shall not include any claims released pursuant to Article IX of the Plan

47.    "*Other Priority Claim*" means any Claim, other than an Administrative Claim, a Professional Fee Claim or a Priority Tax Claim, entitled to priority in right of payment under Bankruptcy Code § 507(a).

48.    "*Other Secured Claim*" means any Secured Claim other than an Existing Credit Facility Claim.

49.    "*Petition Date*" means September 4, 2013.

50.    "*Plan*" means this liquidating chapter 11 plan (including all exhibits, supplements, appendices and schedules annexed hereto), either in its present form or as it may be altered, amended, modified or supplemented (including pursuant to a Plan Supplement) from time to time in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules or any order entered by the Bankruptcy Court.

51.    "*Plan Administrator*" means the person or entity charged with overseeing the wind-down of the Debtors and their estates as set forth in the Plan. Upon the Effective Date, the Plan Administrator shall be _____, [to be provided in the Plan Supplement.]

52.    "*Plan Supplement*" means the supplement or supplements to the Plan containing certain documents relevant to the implementation of the Plan (as such may be amended from time to time), if any.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

53. "*Priority Tax Claim*" means a Claim of a governmental unit entitled to priority in payment under section 502(i) or section 507(a)(8) of the Bankruptcy Code.

54. "*Pro Rata*" or "*Pro Rata Share*" means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of Allowed Claims in that Class entitled to share in the same recovery as such Allowed Claim under the Plan.

55. "*Professional Fee Claims*" means Claims for professional fees, expenses and other reimbursable costs incurred by Retained Professionals under Bankruptcy Code § 503(b) and entitled to administrative priority under Bankruptcy Code § 507(a)(2) for expenses incurred and services rendered, subject to award under Bankruptcy Code §§ 328 and 330.

56. "*Proof of Claim*" means any proof of Claim filed with the Bankruptcy Court by the Bar Date for filing proofs of Claim against the Debtors.

57. "*Related Parties*" means, with respect to any Person or Entity, such Person's or Entity's directors, officers, shareholders, partners, members, employees, managers, agents, affiliates, parents, subsidiaries, predecessors, successors, heirs, executors and assignees, attorneys, financial advisors, investment bankers, accountants, consultants and other professionals or representatives when acting in any such capacities, and any Person or Entity claiming by or through any of them.

58. "*Reserves*" means, together, the reserves necessary to satisfy Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Other Priority Claims and Allowed Other Secured Claims (to the extent payable in Cash).

59. "*Retained Professional*" means those Persons retained pursuant to an order of the Bankruptcy Court in accordance with Bankruptcy Code §§ 327, 328, 363 or 1103.

60. "*Sale Order*" means the *Order (A) Authorizing the Sale of Substantially All of the Debtors' Operating Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, Except as Provided the Successful Bidder's Asset Purchase Agreement; (B) Authorizing and Approving Purchase Agreement Thereto; (C) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto, and (D) Granting Related Relief*, entered on January ___, 2014 [Docket No. ___].

61. "*Sale Proceeds*" means the proceeds of the Sale Transaction, whether in Cash or non-Cash consideration.

62. "*Sale Proceeds Cash*" shall mean the Cash portion of the consideration paid pursuant to the APA.

63. "*Sale Transaction*" means the sale of substantially all of the Debtors' assets pursuant to the APA and Sale Order.

64. "*Schedules*" means the schedules of assets and liabilities and statements of financial affairs filed by the Debtors with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, and any amendments and modifications thereto.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

65.    *"Secured Claim"* means a Claim that is secured within the meaning of and to the extent set forth in Bankruptcy Code § 506(a) and shall not include any Deficiency Amount.

## ARTICLE II

### TREATMENT OF UNCLASSIFIED CLAIMS, ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS AND PROFESSIONAL FEE CLAIMS

*A.    Administrative Claims and Administrative Claim Bar Date*

Except to the extent that any holder of an Allowed Administrative Claim agrees to a less favorable treatment, unless the Allowed Administrative Claims is assumed in connection with the Sale Transaction, or unless otherwise ordered by the Bankruptcy Court, each holder of an Allowed Administrative Claim shall receive, in full satisfaction of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim on the later of (i) the Effective Date or as soon as practicable thereafter and (ii) as soon as practicable after such Administrative Claim becomes Allowed; *provided, however*, that Allowed Administrative Claims representing obligations incurred in the ordinary course of business of the Debtors shall be paid in full in accordance with the terms and conditions of the particular transactions and any applicable agreements.

Requests for payment of Administrative Claims that have not been paid in the ordinary course of business must be filed and served on the Debtors, the Plan Administrator and each of their respective counsel by the date that is thirty (30) days after the Effective Date.

Holders of Administrative Claims that do not timely file and serve such a request shall be forever barred and enjoined from asserting any such Administrative Claims against the Debtors, their estates or the Buyer. Objections to such requests must be filed and served on the requesting party by the later of (a) sixty (60) days after the Effective Date and (b) sixty (60) days after the filing of the applicable request for payment of such Administrative Claims.

*B.    Priority Tax Claims*

Except to the extent that any holder of an Allowed Priority Tax Claim agrees to less favorable treatment or unless otherwise ordered by the Bankruptcy Court, each holder of an Allowed Priority Tax Claim shall receive in full satisfaction of and in exchange for each Allowed Priority Tax Claim, at the option of the Debtors, (i) payment in full in Cash after such Priority Tax Claim becomes an Allowed Priority Tax Claim, or (ii) such other treatment as agreed to by the Debtors and the holder of such Allowed Priority Tax Claim.

*C.    Professional Fee Claims and Final Fee Applications*

Except to the extent that any holder of an Allowed Professional Fee Claim agrees to a less favorable treatment or unless otherwise ordered by the Bankruptcy Court, each holder of an Allowed Professional Fee Claim shall receive, in full satisfaction of such Allowed Professional Claim, Cash in an amount equal to such Allowed Professional Fee Claim on the later of (i) the Effective Date and (ii) as soon as practicable after such Professional Fee Claim becomes Allowed.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

Each holder of a Professional Fee Claim seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date must file and serve their respective final applications for allowance of such Professional Fee Claims no later than the date that is thirty (30) days after the Effective Date or such other date as may be fixed by the Court.

## ARTICLE III

## CLASSIFICATION AND TREATMENT
## OF CLASSIFIED CLAIMS AND INTERESTS

A.    *Summary*

Pursuant to sections 1122 and 1123 of the Bankruptcy Code, set forth below is a designation of Classes of Claims against and Interests in the Debtors.

| Class | Claims | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Existing Credit Facility Claims | Unimpaired | Deemed to Accept |
| 4 | B Members Secured Claims | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Intercompany Claims | Impaired | Deemed to Reject |
| 7 | Interests | Impaired | Deemed to Reject |

The classification set forth herein shall be for all purposes including voting, confirmation and distributions pursuant to the Plan. A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes. A Claim is also placed in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released or otherwise settled before the Effective Date.

The Debtors shall be deemed substantively consolidated for purposes of the Plan (and only for purposes of the Plan). As a result, (i) all Claims of the Debtors by and against each other and interests in each other shall be eliminated for purposes of the Plan, (ii) except as otherwise provided in the Plan, all assets and all proceeds thereof and all liabilities of the Debtors shall be merged or treated as though they were merged, (iii) any obligation of any Debtor and guarantees thereof executed by, or joint liability of, any Debtor will be deemed to be one obligation of the consolidated Debtors, (iv) any Claim based on any such guaranteed obligation or joint liability shall be deemed to be one Claim against the consolidated Debtors and treated as such under the

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Plan, (v) each and every Claim filed in the Chapter 11 case of any one of the Debtors shall be deemed filed against the consolidated Debtors and treated as a single Claim under the Plan and (vi) for purposes of determining the availability of the right to setoff under Bankruptcy Code § 553, the Debtors shall be treated as one entity so that, subject to the other provisions of Bankruptcy Code § 553, debts due to any Debtor may be set off against debts of any other Debtor. In addition, all Claims based on guarantees of collection, payment or performance, or joint liability of the Debtors, as to the obligations of the other Debtors, shall be released and of no further force and effect.

B.      *Classification and Treatment of Classified Claims and Equity Interests*

1.      Class 1 – Other Priority Claims.

(i)      *Classification:* Class 1 consists of all Allowed Other Priority Claims.

(ii)      *Voting:* Class 1 is unimpaired and presumed to have accepted the Plan. Class 1 is not entitled to vote on the Plan.

(iii)      *Treatment:* Except to the extent that a holder of an Allowed Other Priority Claim agrees to a less favorable treatment, or unless the Allowed Other Priority Claim is assumed in connection with the Sale Transaction, each holder of an Allowed Other Priority Claim shall be paid in full in Cash on the later of (a) the Effective Date or as soon as practicable thereafter and (b) as soon as practicable after such Claim becomes an Allowed Other Priority Claim.

2.      Class 2 – Other Secured Claims

(i)      *Classification:* Class 2 consists of Allowed Other Secured Claims.

(ii)      *Voting:* Class 2 is unimpaired and presumed to have accepted the Plan. Class 2 is not entitled to vote on the Plan.

(iii)      *Treatment:* Except to the extent that a holder of an Allowed Other Secured Claim has been paid by the Debtors before the Effective Date, agrees to a less favorable treatment, or unless the Allowed Other Secured Claim is assumed in connection with the Sale Transaction, at the sole option of the Debtors, each holder of an Allowed Other Secured Claim shall receive on the later of (1) the Effective Date or as soon as practicable thereafter and (2) as soon as practicable after such Claim becomes an Allowed Other Secured Claim: (a) payment in full in Cash in an amount equal to such Allowed Other Secured Claim, including any interest, reasonable fees, costs or charges on such Allowed Other Secured Claim required to be paid pursuant to section 506(b) of the Bankruptcy Code or (b) the collateral securing its Allowed Other Secured Claim and any interest, reasonable fees, costs or charges on such Allowed Other Secured Claim required to be paid pursuant to Bankruptcy Code § 506(b).

3.      Class 3 – Existing Credit Facility Claims

(i)      *Classification:* Class 3 consists of Allowed Existing Credit Facility Claims.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

(ii)    *Voting:* Class 3 is unimpaired and not entitled to vote on the Plan.

(iii)    *Treatment:* To the extent not otherwise paid in full pursuant to prior orders of the Bankruptcy Court, Claims arising under the Existing Credit Facility shall be paid in full from any Sale Proceeds Cash or other available cash.

4.    Class 4 – B Members Secured Claims

(i)    *Classification:* Class 4 consists of Allowed B Members Secured Claims.

(ii)    *Voting:* Class 4 is impaired and entitled to vote on the Plan.

(iii)    *Treatment:* Except to the extent the holder of the B Members Secured Claims agrees to a less favorable treatment, each holder of an Allowed B Members Secured Claim shall receive, on account of, and in full and complete settlement, release and discharge of, an in exchange for such Allowed B Members Secured Claim, at the election of the Plan Administrator:  (a) such treatment in accordance with Bankruptcy Code § 1124 as may be determined by the Bankruptcy Court; (b) payment in full, in Cash, of such Allowed Secured Claim; (c) satisfaction of any such Allowed Secured Claim by delivering the collateral securing such claim and paying any interest, fees, costs or other expenses required to be paid under Bankruptcy Code § 506(b); or (d) providing such holder with such treatment in accordance with Bankruptcy Code § 1129(b) as may be determined by the Bankruptcy Court.

5.    Class 5 – General Unsecured Claims

(i)    *Classification:* Class 5 consists of all Allowed General Unsecured Claims.

(ii)    *Voting:* Class 5 is impaired and entitled to vote on the Plan.

(iii)    *Treatment:* Except to the extent that a holder of an Allowed General Unsecured Claim agrees to a less favorable treatment, each holder of an Allowed General Unsecured Claim shall receive its Pro Rata Share of the Liquidating Trust Assets after satisfaction of all costs and expenses of the Liquidating Trust.

6.    Class 6 - Intercompany Claims

(i)    *Classification:* Class 6 consists of all Allowed Intercompany Claims.

(ii)    *Voting:* Class 6 is impaired and not entitled to vote on the Plan.

(iii)    *Treatment:* All Intercompany Claims shall be cancelled and extinguished without any distribution.

7.    Class 7 – Interests in Debtors

(i)    Classification: Class 7 consists of all Interests in Debtors

(ii)    Voting: Class 7 is impaired and is deemed to have rejected the Plan.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

(iii)    Treatment: All Interests in Debtors shall be cancelled and extinguished without any distribution.

## ARTICLE IV

## ACCEPTANCE OR REJECTION OF THE PLAN

*A.    Acceptance by an Impaired Class*

In accordance with Bankruptcy Code § 1126(c) and except as provided in Bankruptcy Code § 1126(e), Classes 4 and 5, which are the only impaired Classes entitled to vote under the Plan, shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Class 4 and 5 Claims that have timely and properly voted to accept or reject the Plan.

*B.    Nonconsensual Confirmation*

If none of the impaired Classes vote to accept the Plan by the requisite statutory majorities, the Debtors reserve the right to amend the Plan.  With respect to Classes 6 and 7 that are deemed to reject the Plan and any other Class of Claims that rejects the Plan, the Debtors shall request that the Bankruptcy Court confirm the Plan pursuant to Bankruptcy Code § 1129(b).

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

*A.    Sale of Assets and Funding of Distributions Under the Plan*

Prior to the Effective Date, the Debtors will have consummated the Sale Transaction pursuant to the APA and Sale Order, and may have consummated other asset sales of real and personal property. The Sale Proceeds Cash and other Cash held by the Debtors shall be used to fund the reserves and distributions to be made pursuant to the Plan in the following order of priority:

(i)    Reserves. First, prior to the Effective Date, to the extent not previously funded, the Sale Proceeds Cash and other Cash held by the Debtors shall be used to fund the Reserves with Cash sufficient to pay in full all Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Other Priority Claims and Allowed Other Secured Claims (to the extent payable in Cash). The amount of the Reserves shall be determined and mutually agreed to by the Debtors and the Committee and shall be set forth in the Confirmation Order.

(ii)    Priority Tax Claims. Second, on the Effective Date, the remaining Sale Proceeds Cash and other Cash held by the Debtors shall be used to pay any Allowed Priority Tax Claims or establish a reserve for any such Allowed Priority Tax Claims. The amount of the reserve shall be determined and mutually agreed to by the Debtors and the Committee and shall be set forth in the Confirmation Order.

(iii)    To the extent any Cash remains in the Reserves or in any Priority Tax Claim reserve after the allowance and payment in full of all Allowed Administrative Claims, Allowed

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Professional Fee Claims, Allowed Other Priority Claims, Allowed Other Secured Claims and Allowed Priority Tax Claims, as applicable, such excess Cash shall be distributed to the Liquidating Trust.

**B.    Continued Existence of the Debtors and Appointment of the Plan Administrator**

From and after the Effective Date, the Debtors shall continue in existence for the purposes of implementation of the Plan. Further, on the Effective Date, the Plan Administrator shall be appointed and shall serve as the sole director and officer of the Debtors until the Plan is fully and finally implemented. All other directors and officers of the Debtors existing as of the Effective Date shall be released and discharged of any further duties and responsibilities in such capacity. Upon entry of the Confirmation Order, all matters provided under the Plan involving the corporate structure of the Debtors shall be deemed authorized and approved without any requirement of further action by the Debtors or their shareholders, directors or officers.

Notwithstanding the foregoing, the Debtors are authorized and directed, to the extent necessary, to amend and modify its relevant corporate documents, as necessary, to implement the Plan. In the event the Plan Administrator is terminated or resigns for any reason, the Plan Administrator shall designate a successor.

**C.    Establishment of and Vesting of Assets in Post-Confirmation Estate**

On the Effective Date, the Debtors' estates shall automatically be deemed the Debtors' post-confirmation estates and all right, title and interest in the Reserves and other assets of the Debtors except for the Liquidation Trust Assets shall be deemed vested in and transferred to the post-confirmation estates under the control of the Plan Administrator. To the extent necessary, the Debtors are authorized and directed to take all necessary actions to effectuate the transfer of such rights, title and interests to their post-confirmation estates. The post-confirmation estates shall be terminated upon entry of a Final Order closing the Chapter 11 Cases pursuant to Bankruptcy Code § 350(a).

**D.    Duties, Rights and Powers of the Plan Administrator and Funding**

The Plan Administrator, together with its representatives and professionals, shall administer the Plan with respect to the Debtors and their post-confirmation estates. In such capacity, the powers of the Plan Administrator shall include any and all powers and authority necessary to implement the Plan and wind up the business and affairs of the Debtors and their post-confirmation estates, including, without limitation: (i) serving as the sole officer and director of each of the Debtors; (ii) liquidating and/or abandoning any assets; (iii) investing Cash; (iv) taking all steps to execute all instruments and documents necessary to effectuate distributions out of the Reserves; (v) paying Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Other Secured Claims and Allowed Other Priority Claims as contemplated by the Plan; (vi) employing, retaining, terminating or replacing professionals to represent it with respect to its responsibilities or otherwise effectuating the Plan to the extent necessary; (vii) paying any and all reasonable fees and expenses of the post-Effective Date Debtors; (viii) administering and paying taxes, including filing tax returns; (ix) requesting an expedited determination of any unpaid tax liability of the post-Effective Date Debtors under Bankruptcy Code § 505; (x) representing the interests of the Debtors or their post-confirmation estates before

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

any taxing authority in all matters, including any action, suit, proceeding or audit; (xi) taking all steps reasonably necessary and practicable to terminate the corporate existence of the Debtors; (xii) having the sole authority to prosecute causes of action on behalf of and for the benefit of the post-confirmation estates (except for causes of action vested in the Liquidation Trust) and having the authority to compromise, settle, resolve, discontinue, abandon or dismiss all such actions without approval of the Bankruptcy Court; and (xiii) exercising such other powers as may be vested in it pursuant to order of the Bankruptcy Court or the Plan, or as it reasonably deems to be necessary and proper to carry out the provisions of the Plan. On the Effective Date, the Debtors shall fund a reserve of $75,000.00 from any Cash held by the Debtors for purposes of funding the costs and expenses of the Plan Administrator in performing the duties described herein. The Plan Administrator shall be entitled to draw against such reserve for any actual and necessary fees, costs, and expenses incurred and any unused portion of the foregoing, if any, shall be delivered to the Liquidating Trust upon conclusion of the Plan Administrator's duties.

*E.    Dissolution of the Debtors*

No later than one hundred twenty (120) days after entry of a Final Order closing the Chapter 11 Cases, the Debtors shall dissolve or otherwise terminate their existence and all officers and directors of the Debtors, as appointed on and after the Effective Date, shall resign and shall be released and discharged from any further duties and responsibilities in such capacities in accordance with applicable laws. The Confirmation Order shall constitute the finding and order of the Bankruptcy Court, binding on all creditors and other parties-in-interest, that: (a) the Debtors are due to be dissolved within one hundred twenty (120) days after the entry of Final Order closing the Chapter 11 Cases in accordance with applicable law and without further action or proceedings (by stockholders, officers, directors or otherwise) or further filing, amendment or restatement of articles of incorporation; (b) to the extent necessary, the Plan Administrator is authorized and directed to cause such dissolution without further action or proceedings or further filings, amendments, or restatement of the underlying corporate or constitutional documents of the Debtors; and (c) a copy of the Confirmation Order, filed as an exhibit to any state or federal dissolution papers, shall satisfy any requirement under applicable statutes or other applicable non-bankruptcy law regarding the authorization of the dissolution of the Debtors.

*F.    No Agency Relationship and Limitation of Liability of Plan Administrator*

The Plan Administrator and its agents shall not be deemed to be the agent for any Person in connection with the Cash held or distributed pursuant to the Plan. The Plan Administrator and its agents shall not be liable to the Debtors or any third party for any mistake of fact or law or error of judgment or any act or omission of any kind unless it constitutes gross negligence or willful misconduct. The Plan Administrator may conclusively rely, and shall be fully protected personally in acting upon, any statement, instrument, opinion, report, notice, request, consent, order or other instrument or document that it believes to be genuine and to have been signed or presented by the proper party. The Plan Administrator may rely upon written information previously generated by the Debtors.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

G.     *Establishment of Liquidation Trust and Vesting of Liquidation Trust Assets*

On the Effective Date, the Liquidation Trust will be established pursuant to the Liquidation Trust Agreement and the Liquidation Trust Assets shall be deemed vested in and transferred to the Liquidation Trust free and clear of all Claims and interests. The Liquidation Trust Assets shall be administered in accordance with the Liquidation Trust Agreement and the Plan. The Liquidation Trustee shall be selected prior to the Effective Date and shall be compensated for its services from the Liquidation Trust Assets as further disclosed in the Plan Supplement.

In accordance with Bankruptcy Code § 1123(b), after the Effective Date, the Liquidation Trustee shall have the following rights, powers, and duties: (i) the full right, power, and discretion to manage the Liquidation Trust Assets, and execute, acknowledge and deliver any and all instruments with respect thereto, as it deems appropriate or necessary in its discretion and to effectuate its obligations under the Plan and the Liquidating Trust Agreement; (ii) administer the collection, prosecution, settlement and/or abandonment of the Causes of Action in its sole discretion on behalf of and for the benefit of the beneficiaries of the Liquidation Trust; (iii) to administer the collection, prosecution, settlement and/or abandonment of the D&O Claims and Other Causes of Action on behalf of and for the benefit of the beneficiaries of the Liquidation Trust; (iv) administer, compromise, settle, resolve, discontinue, abandon all General Unsecured Claims without approval of the Bankruptcy Court or litigate to Final Order if necessary any Disputed General Unsecured Claims; (v) make interim and final Distributions to Holders of Allowed Class 5 Claims; (vi) make any Distributions of Causes of Action, if any, to the recipients pursuant to the Plan; (vii) file all tax and regulatory forms, returns, reports and other documents required under the law with respect to the Liquidation Trust; and (viii) file suit or any appropriate motion for relief in the Bankruptcy Court or in any other court of competent jurisdiction to resolve any disagreement, conflict, dispute or ambiguity in connection with the exercise of its rights, powers, or duties.

In accordance with Bankruptcy Code § 1123(b), any Cause of Action that a Debtor or estate may hold against any Entity, except for any cause of action or claim released pursuant to Article IX of the Plan, shall vest in the Liquidation Trustee on behalf of the Liquidation Trust. The Liquidation Trustee, through its authorized agents or representatives, shall retain and may exclusively enforce any and all such Causes of Action. The Liquidation Trustee shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Court.

H.     *Cancellation of Notes, Instruments, Debentures and Equity Securities*

On the Effective Date, except to the extent provided otherwise in the Plan, all notes, instruments, securities, certificates and other documents evidencing Claims against the Debtors shall be canceled and deemed terminated, and the parties' rights, if any, with respect to the Debtors' post-confirmation estates shall be determined solely under the Plan. The interests in the Debtors shall be canceled and deemed terminated upon the full implementation of the Plan and the closing of the Chapter 11 Cases. Pending such cancellation, holders of equity interests shall have no economic or other rights in connection with the Debtors. Additionally, pursuant to

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

section 1142(b) of the Bankruptcy Code, a non-Debtor entity is authorized and directed to execute or deliver or to join in the execution or delivery of any instrument required to effect a sale, assignment, transfer, abandonment or other disposal of the Debtors' assets and to perform any other act, including the satisfaction of any encumbrance, that is necessary to effectuate a sale, assignment, transfer, abandonment or other disposal of the assets.

I.     *Dissolution of the Committee*

On the Effective Date, the Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations to and arising from and in connection with the Chapter 11 Cases.

J.     *Closing of the Debtors' Chapter 11 Cases*

When the business and affairs of the post-confirmation estates have been otherwise wound up, the Plan Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Cases in accordance with the Bankruptcy Code and Bankruptcy Rules.

K.     *Settlement of Claims and Controversies*

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution, releases and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan. All distributions made to creditors holding Allowed Claims in any Class are intended to be and shall be final.

## ARTICLE VI

## PROVISIONS GOVERNING DISTRIBUTIONS

A.     *Timing and Delivery of Distributions on General Unsecured Claims*

Except as otherwise provided herein or as ordered by the Bankruptcy Court or to the extent that any holder of an Allowed General Unsecured Claim agrees to different treatment, distributions to be made on account of Allowed General Unsecured Claims as of the Effective Date shall be made on the Initial Distribution Date or as soon thereafter as is practicable by the Liquidating Trustee. No distributions shall be made on account of any Disputed General Unsecured Claims unless and until such General Unsecured Claim has become an Allowed General Unsecured Claim. Distributions on account of any General Unsecured Claim that first becomes an Allowed General Unsecured Claim after the Effective Date shall be made on the first Distribution Date after the end of the calendar quarter in which such Claim becomes an Allowed Claim. Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day. The Liquidation Trustee shall establish procedures for distributing funds to holders of Allowed General Unsecured Claims, including, without limitation, the establishment of any disputed claims reserve and the making of any initial, subsequent and final distributions.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

B.    Objections to and Resolution of Disputed Claims

After the Effective Date and through the Claim Objection Deadline, the Plan Administrator shall have the right to make and file objections to all Claims except General Unsecured Claims and to withdraw such objections. Subject to the preceding sentence, all objections shall be litigated to Final Order; *provided, however*, that the Plan Administrator shall have the authority to compromise, settle or otherwise resolve any Claim (except General Unsecured Claims) without approval or order of the Bankruptcy Court or notice to any party; *provided further, however*, that the Plan Administrator reserves the right to seek relief before the Bankruptcy Court with respect to any Disputed Claim.

After the Effective Date, the Liquidating Trustee on behalf of the Liquidating Trust shall have the sole right and authority to file, settle, compromise, withdraw or litigate to judgment objections to Class 5 General Unsecured Claims. The Liquidating Trustee shall have the authority to settle or otherwise resolve any General Unsecured Claims without approval or order of the Bankruptcy Court or notice to any party except the affected holder of the General Unsecured Claim. For any General Unsecured Claims that also assert entitlement to secured, administrative or priority status, the Liquidating Trustee and Plan Administrator may agree on whether such Claim should be resolved by the Liquidating Trustee or the Plan Administrator for the sake of efficiency on a case-by-case basis. Any Claim that has been paid, satisfied or superseded may be expunged from the Claims Register by the direction from the Plan Administrator or the Liquidation Trustee and without the need for Bankruptcy Court order, and any Claim that has been amended may be adjusted on the Claims Register.

C.    Estimation of Claims

After the Effective Date, the Plan Administrator or the Liquidation Trustee may at any time request that the Bankruptcy Court estimate, or establish procedures for the estimation or arbitration of, any contingent Claim, unliquidated Claim or disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether any of the Debtors or any other person previously objected to such Claim, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time. In the event that the Bankruptcy Court estimates any contingent Claim, unliquidated Claim or disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Plan Administrator or the Liquidation Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

D.    Time-Barred Claims and Amendments to Claims

Except as otherwise agreed by the Debtors, any and all Proofs of Claim filed after the applicable Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order or approval of the Bankruptcy Court, and holders of such Claims may not receive any distributions on account of such Claims, unless such late Proof of Claim is deemed timely filed by a Final Order. On or after the Effective Date, except as

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

otherwise provided herein, a Claim may not be amended without the prior authorization of the Bankruptcy Court, and any such amended Claim filed shall be deemed disallowed and expunged without any further notice to or action, order or approval of the Bankruptcy Court.

E.    *Interest on Distributions*

Except as otherwise specifically provided for in the Plan, the Confirmation Order or any other order of the Bankruptcy Court, or as otherwise required by applicable bankruptcy or on bankruptcy law, post-petition interest shall not accrue or be paid on any Claims and no holder of a Claim shall be entitled to the payment of interest accruing on or after the Petition Date on any Claim. To the extent that a Disputed Claim becomes an Allowed Claim after the Effective Date, the holder of such Claim shall not be entitled to any interest thereon.

F.    *Delivery of Distributions*

Cash distributions by check shall be mailed to each holder of an Allowed Claim that is entitled to such distributions under the Plan at the distribution address of such creditor on its Proof of Claim or at the address of such creditor in the Debtors' books and records. If any Claim holder's distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Plan Administrator or Liquidation Trustee, as applicable, is notified of such holder's then current address, at which time all missed distributions shall be made to such holder without interest. Any notification of a Claim holder's then current address must be received by the Plan Administrator or Liquidation Trustee, as applicable, within ninety (90) days after the distribution was originally made, after which time such Claim holder's distribution shall be forfeited and treated as an unclaimed distribution in accordance with Article VI of the Plan. Nothing in the Plan shall require the Plan Administrator or the Liquidation Trustee to attempt to locate any holder of an Allowed Claim.

G.    *Unclaimed Distributions*

All distributions (i) made under the Plan that are unclaimed for a period of sixty (60) days after the distribution thereof shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and any entitlement of any holder of any Claims to such distributions shall be forfeited, extinguished and forever barred. Any such unclaimed distributions shall (a) with respect to Class 5 – General Unsecured Claims be returned to the Liquidation Trust to be distributed in accordance with the Liquidation Trust Agreement; or (b) with respect to all other Classes of Claims and unclassified Claims, be distributed in accordance with Article V of this Plan.

H.    *Means of Cash Payment*

Cash distributions made pursuant to the Plan shall be in United States funds, by check drawn on a bank, or, if either of the Plan Administrator or Liquidation Trustee, as applicable, so elect in their sole discretion, by wire transfer from a bank.

I.    *Compliance with Tax Requirements*

In connection with the consummation of the Plan, the Plan Administrator and the Liquidation Trustee shall comply with all withholding and reporting requirements imposed by

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

18

any federal, state, local or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements. Notwithstanding the foregoing, each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income, withholding and other tax obligations, on account of such distribution. The Plan Administrator or the Liquidation Trustee, as applicable, shall be entitled in its sole discretion to withhold any distributions to a holder of an Allowed Claim that fails to provide tax identification or social security information upon written request and such distribution shall be treated as an Unclaimed Distribution pursuant to Section VI.G herein.

J.    *Distribution Record Date*

The Plan Administrator and the Liquidation Trustee shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the close of business on the Distribution Record Date, and shall be entitled for all purposes hereof to recognize and make distributions only to those holders of Allowed Claims that actually held such Claims as of the close of business on the Distribution Record Date.

K.    *Fractional Cents*

When any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (rounding down in the case of less than \$0.005 and rounding up in the case of \$0.005 or more).

## ARTICLE VII

## CONDITIONS TO CONFIRMATION AND EFFECTIVENESS

A.    *Conditions to Confirmation*

The following are conditions precedent to the occurrence of confirmation of the Plan, each of which may be satisfied or waived.

(i)    The Bankruptcy Court shall have entered an order, in a form reasonably acceptable to the Debtors, approving the adequacy of the Disclosure Statement; and

(ii)    The Confirmation Order approving and confirming the Plan, as such Plan may have been modified, amended or supplemented, shall have been entered.

B.    *Conditions to Plan Effectiveness*

Notwithstanding anything herein to the contrary, the Plan may not be consummated, and the Effective Date shall not occur, unless and until each of the following conditions shall have been either satisfied or waived:

(i)    The Court has entered an order confirming the Plan in form and substance satisfactory to the Debtors;

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

(ii)    No stay of the Confirmation Order is in effect;

(iii)    All documents, instruments and agreements, in form and substance satisfactory to the Debtors or other party thereto, provided for under or necessary to implement the Plan have been executed and delivered by the parties thereto, unless such execution or delivery has been waived by the parties benefited thereby;

(v)    The Reserves have been funded; and

(vi)    The Debtors shall have received all authorizations, consents, regulatory approvals, rulings, opinions or other documents that are determined by the Debtors to be necessary to implement the Plan.

C.    *Waiver of Conditions*

The Debtors may waive any of the conditions set forth in this Article 7 of the Plan. The failure to satisfy any condition may be asserted by the Debtors regardless of the circumstances giving rise to the failure of such condition to be satisfied. If the Debtors fail to assert the nonsatisfaction of any such conditions, such failure shall not be deemed a waiver of any other rights thereunder.

## ARTICLE VIII

## TREATMENT OF EXECUTORY CONTRACTS AND LEASES

A.    *Contracts and Leases Not Specifically Assumed and Assigned are Rejected*

All unexpired leases and executory contracts of the Debtors not previously expressly assumed, rejected or terminated by order of the Bankruptcy Court or by the terms of any such unexpired lease or executory contract, or which are not subject of a pending application to assume on the Effective Date, shall be deemed rejected on the Effective Date. Notwithstanding anything to the contrary herein, any director or officer or errors or omissions policies running to the benefit of the Debtors shall be assumed as of the Effective Date.

B.    *Bar Date for Filing Claim For Rejection Damages*

If the rejection of an executory contract or unexpired lease by the Debtors pursuant to Article VIII hereof results in damages to the counterparty to such contract or lease, then a Claim for damages or any other amounts related in any way to such contract or lease shall be forever barred and shall not be enforceable against the Debtors, their successors and assigns or their property, unless a proof of claim is filed as prescribed in the applicable order rejecting such contract or lease, or if not otherwise prescribed in any such rejection order, then no later than thirty (30) days of the Effective Date.

C.    *Preexisting Obligations to the Debtors Under Executory Contracts and Unexpired Leases*

Rejection or repudiation of any executory contract or unexpired lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed to the Debtors under such contract or lease as modified, amended, supplemented, or restated. In particular,

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

notwithstanding any non-bankruptcy law to the contrary, the Plan Administrator expressly reserves and does not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties or continued maintenance obligations on goods previously purchased, or services previously received, by the contracting Debtors from counterparties to rejected or repudiated executory contracts or unexpired leases.

## ARTICLE IX

## EFFECTS OF CONFIRMATION OF THE PLAN

A.    *Exculpation*

No Exculpated Party shall have or incur any liability to any Person or Entity, from (x) any and all claims and causes of action arising on or after the Petition Date and (y) any and all claims and causes of action relating to any act taken at any time or omitted to be taken in connection with, relating to, or arising out of, the Sale Transaction, the Chapter 11 Cases, or the formulating, negotiating, preparing, disseminating, implementing, administering, soliciting, confirming or consummating the Plan, the Disclosure Statement, the Confirmation Order, the Sale Transaction or any other contract or instrument, release or other agreement or document created or entered into in connection with the Plan or the Sale Transaction, and each Exculpated Party in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities under the Plan.

B.    *Compromise and Settlement of Claims, Equity Interests and Controversies*

Notwithstanding anything contained herein to the contrary, the allowance, classification, and treatment of all Allowed Claims and their respective distributions and treatments hereunder takes into account and conforms to the relative priority and rights of the Claims and the Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code or otherwise. As of the Effective Date, any and all such rights described in the preceding sentence are settled, compromised, and released hereby. The Confirmation Order will constitute the Bankruptcy Court's finding and determination that the settlements reflected in the Plan are: (i) in the best interests of the Debtors, their Estates, and all holders of Claims; (ii) fair, equitable, and reasonable; (iii) made in good faith; and (iv) approved by the Bankruptcy Court pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## ARTICLE X

## RETENTION OF JURISDICTION

A.    *Jurisdiction over Claims and Actions*

The Court shall retain jurisdiction over the Chapter 11 Cases, including such jurisdiction as is necessary to ensure that the purposes and intent of the Plan are implemented. The Court shall also expressly retain jurisdiction for purposes of classification of Claims or Interests and to hear and determine all Claims against the Debtors or their estates, and hear and determine all objections as may be filed with respect to the Claims and Interests.

B.    *Retention of Jurisdiction*

The Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan, pursuant to Bankruptcy Code §§ 105(c) and 1142, to the fullest extent permitted by law, including, without limitation, for the following purposes:

(i)    To resolve any matters related to the assumption and assignment or rejection of any executory contract or unexpired lease to which a Debtor is party or with respect to which a Debtor may be liable in any manner;

(ii)    To determine any and all causes of action, Causes of Action, adversary proceedings, applications and contested matters;

(iii)    To allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured or unsecured status, or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the secured or unsecured status, priority, amount, or allowance of Claims or Interests and to ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

(iv)    To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(v)    To issue orders in aid of execution and consummation of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(vi)    To consider any amendments to or modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Court, including the Confirmation Order;

(vii)    To hear and determine all applications for compensation and reimbursement of expenses of Retained Professionals;

(viii)    To decide and resolve any and all matters that may arise in connection with or relate to any previous order of the Bankruptcy Court and to enforce any such orders;

(ix)    To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, the Confirmation Order, the Sale Order, the DIP Order, any transactions or payments contemplated in the foregoing, any agreement, instrument, or other document governing or relating to any of the foregoing or any settlement approved by the Bankruptcy Court;

(x)    To issue injunctions and effect any other actions that may be necessary or appropriate to restrain interference by any Person or Entity with the consummation, implementation or enforcement of the Plan, the Confirmation Order or any other order of the Bankruptcy Court;

(xi)    To recover all assets of the Debtors, wherever located;

22

(xii)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including any request by the Debtors, the Plan Administrator or the Liquidation Trustee for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

(xiii)    To hear and determine all disputes involving the existence, scope and nature of the releases, injunctions and exculpations granted under the Plan, the Confirmation Order or the Bankruptcy Code;

(xiv)    To resolve any disputes concerning the Liquidation Trust Agreement;

(xv)    To adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters;

(xvi)    To ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

(xvii)    To enter a final decree closing the Chapter 11 Cases; and

(xviii)    To hear any other matter not inconsistent with the Bankruptcy Code, including the entry and implementation of orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Disclosure Statement.

## ARTICLE XI

## NOTICE PROVISIONS

*A.    Notices*

Except as otherwise set forth in the Plan, all notices or requests in connection with the Plan shall be in writing and will be deemed to have been given when received by personal delivery, facsimile, e-mail, overnight courier or first class mail and addressed to:

**If to the Debtors:**
Larson & Zirzow, LLC
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89169
Attn:  Matthew C. Zirzow
E-mail:  mzirzow@lzlawnv.com
Fax: 702-382-1169

**If to Plan Administrator:**
[TO BE INSERTED]

**If to the Committee:**
Schwartzer McPherson Law Firm
2850 S. Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

E-mail: jmcpherson@s-mlaw.com
Fax: (702) 892-0122

**If to the Liquidation Trustee:**
[TO BE INSERTED]

*B.    Limitation on Notice*

The Debtors shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters with no requirement for any additional or further notice:

1.    Notice of Entry of Confirmation Order and Effective Date

Notice of the entry of the Confirmation Order and the occurrence of the Effective Date shall be sufficient when filed with the Bankruptcy Court and mailed to all holders of Claims and interests.

2.    Post-Confirmation Date Service

From and after the Effective Date, notices of appearances and demands for service of process filed with the Court before such date shall no longer be effective. After the Effective Date, no further notices shall be required to be sent to any entities or Persons, except to the Plan Administrator the Liquidating Trustee, the U.S. Trustee and any creditor who files a renewed request for service of pleadings and whose Claim has not been fully satisfied.

3.    General Notice to Creditors

All notices and requests to creditors of any Class shall be sent to them at the addresses set forth on their Proofs of Claim or, if no proof of claim was filed, to their last known address as reflected in the Debtors' records. Any creditor may designate in writing any other address for purposes of this Article, which designation shall be effective when filed with the Bankruptcy Court.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

*A.    U.S. Trustee Fees*

Quarterly fees owed to the Office of the U.S. Trustee shall be paid when due in accordance with applicable law and the Plan Administrator shall continue to file reports to show the calculation of such fees for the estates until a final decree is entered closing the Chapter 11 Cases or dismissal or conversion of the Chapter 11 Cases.

*B.    Post-Effective Date Injunctions or Stays*

All injunctions or stays that are in effect in these Chapter 11 Cases on the Confirmation Date, whether by operation of law (including, without limitation, Section 362 of the Bankruptcy

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Code) or by order of the Bankruptcy Court, shall continue and remain in full force and effect through and including the Effective Date.

### C.    Setoffs/Counterclaims

The Debtors may, but shall not be required to, set off or counterclaim against any Claim and the payments or other distributions to be made pursuant to the Plan in respect of the Claim, claims of any nature whatsoever the estates may have against the holder of the Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors of any claim that the estates may have against the holder; *provided, however*, that the Debtors will not seek to set off or counterclaim for any obligation that is not yet due. Setoffs or counterclaims arising from events after the Petition Date shall reduce the payouts under any Allowed Claim dollar for dollar. Setoffs or counterclaims arising from pre-petition events shall only reduce the amount of the Allowed Claim and therefore, shall only reduce the payout amount proportionally with the reduction in the Allowed Claim. If any counterclaim or setoff asserted by the Debtors exceeds the amount of any Claim, the holder of such Claim shall not be entitled to any distribution under the Plan, and the Debtors will reserve the right to recover any such excess counterclaim or set-off from the holder of the applicable Claim. After the Effective Date, the rights afforded to the Debtors under this paragraph shall apply to the Plan Administrator or Liquidating Trustee as applicable.

### D.    Plan Supplement

The Plan Supplement, if any, and the documents contained therein shall be filed with the Bankruptcy Court no later than seven (7) days before the deadline to object to the Plan, provided that the documents included therein may thereafter be amended and supplemented before execution, so long as no such amendment or supplement materially affects the rights of holders of Claims. The Plan Supplement and the documents contained therein are incorporated into and made a part of the Plan as if set forth in full herein.

### E.    Amendment or Modification of the Plan

The Debtors may modify the Plan at any time before the Confirmation, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtors shall have complied with section 1125 of the Bankruptcy Code. The Debtors also reserve the right to make such modifications at or before any hearings on confirmation of the Plan as are necessary to permit the Plan to be confirmed under section 1129 of the Bankruptcy Code.

A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

Before the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan subject to prior notice to the Committee without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims.

*F.        Revocation and Withdrawal of the Plan*

The Debtors reserve the right to revoke or withdraw the Plan at any time before entry of a Confirmation Order. If the Debtors revoke or withdraw the Plan before the Confirmation Date, if the Confirmation Date does not occur, or the Effective Date does not occur within one hundred twenty (120) days after the Confirmation Date, then the Plan shall be deemed to be null and void. In such event, nothing contained herein or in any Disclosure Statement relating to the Plan shall be deemed to constitute an admission of validity, waiver or release of any Claims by or against the Debtors or any Person or to prejudice in any manner the rights of the Debtors or any Person in any proceeding involving the Debtors.

*G.        Severability*

In the event that the Court determines, before the Confirmation Date, that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the holder or holders of such Claims or Interests as to which the provision is determined to be invalid, void or unenforceable. The invalidity, voidness or unenforceability of any such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

*H.        Exemption from Certain Taxes and Fees*

Pursuant to, and to the fullest extent permitted by, section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to, in contemplation of, or in connection with, the Plan or pursuant to: (i) the issuance, distribution, transfer, or exchange of any debt, equity security interest, or other interest in the Debtors; (ii) the creation, modification, consolidation, assumption, termination, refinancing and/or recording of any mortgage, deed of trust or other security interest, or the securing of additional indebtedness by such or other means; (iii) the making, assignment or recording of any lease or sublease; or (iv) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan including any deeds, bills of sale, assignments or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and the appropriate state or local government officials or agents shall, and shall be directed to, forgo the collection of any such tax, recordation fee or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee or government assessment. The Bankruptcy Court shall retain specific jurisdiction with respect to these matters.

*I.        Business Days*

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**J.    Governing Law**

Except to the extent the Bankruptcy Code, the Bankruptcy Rules and/or the Local Rules apply, and subject to the provisions of any contract, lease, instrument, release, indenture or other agreement or document entered into expressly in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of Nevada, without giving effect to the principles of conflict of laws thereof.

**K.    Headings**

Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

**L.    Exhibits**

All Exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

**M.    Entire Agreement**

The Plan and the Confirmation Order supersede all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into the Plan, other than the Sale Order, the Cash Collateral Order, and the APA.

***[Rest of page intentionally left blank]***

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Dated: January 2, 2014.                    WESTERN FUNDING INCORPORATED,
                                           a California corporation,

                                           By:  /s/ Frederick Cooper

Dated: January 2, 2014.                    WESTERN FUNDING INC. OF NEVADA,
                                           a Nevada corporation,

                                           By:  /s/ Frederick Cooper

Dated: January 2, 2014.                    GLOBAL TRACK GPS, LLC,
                                           a Delaware limited liability company,

                                           By:  /s/ Frederick Cooper

LARSON & ZIRZOW, LLC

By:  /s/ Matthew C. Zirzow
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101

Attorneys for Debtors

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Exhibit 1 to Plan of Liquidation**

Form of Liquidation Trust Agreement
(to be filed)