Jeanette E. McPherson, NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>**WFI DEBTOR,**<br>Debtor. | Case No. BK-S-13-17588-LED<br>Chapter 11<br>(Jointly Administered) |
| In re:<br>**WFN DEBTOR,**<br>Debtor. | Case No. BK-S-13-17586-LED<br>Chapter 11 |
| In re:<br>**GT DEBTOR,**<br>Debtor. | Case No. BK-S-13-17589-LED<br>Chapter 11<br>**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED AGAINST D&O INSURANCE AND ADD DEBTOR AS A NOMINAL PARTY TO STATE COURT LITIGATION**<br>Date: April 15, 2014<br>Time: 9:30 a.m. |

The Official Committee of Unsecured Creditors in the above-entitled case (the "Committee"), by and through its undersigned counsel, hereby files its Opposition To Motion For Relief From Automatic Stay To Proceed Against D&O Insurance And Add Debtor As A Nominal Party To State Court Litigation ("Opposition").[1]  This Opposition is made and based upon 11 U.S.C. §§ 362 and 541, the Points and Authorities set forth herein, the pleadings on file, and any

---

[1]  Movant granted the Committee an extension of one day to file this Opposition, or April 2, 2014.

argument entertained at the time of the hearing on this matter.

## INTRODUCTION

The Committee opposes the Motion For Relief From Automatic Stay To Proceed Against D&O Insurance And Add Debtor As A Nominal Party To State Court Litigation because the directors' and officers' policy and the proceeds of this policy are property of the Debtor's estate and the movant has not established cause for stay relief under 11 U.S.C. § 362(d)(1).

In addition, the Committee requests that the issues in this case be continued to allow the Liquidating Trustee to address the issues raised in the Motion, as the plan of reorganization authorizing the appointment of the Liquidating Trustee may be effective on or around April 15, 2014, the date of the hearing on this Motion.

## POINTS AND AUTHORITIES

### Factual Background

1.  Guerin Senter ("Senter") filed a Motion For Relief from Automatic Stay To Proceed Against D&O Insurance And Add Debtor As Nominal Party To State Court Litigation on March 10, 2014 ("Motion"). As set forth in this Motion, Senter states that he has filed a complaint against the Coopers in Clark County, Nevada and requests that: 1) he be allowed to proceed against "any available insurance proceeds, including the D&O insurance policy," and 2) he be allowed "to name WFI as a nominal party to the state court case insofar as WFI is an insured under the D&O policy." Motion at p. 2.

2.  An Amended Declaration of Guerin Senter In Support of Motion For Relief From Automatic Stay to Proceed Against D&O Insurance And Add Debtor As A Nominal Party To State Court Litigation was filed in connection with the Motion. Attached to the Declaration is a copy of the D&O Insurance Policy ("Policy") that Senter seeks to have cover his claims.

3.  An Order Confirming Debtor's First Amended Joint Plan Of Liquidation, As Modified, Pursuant To Chapter 11 Of The Bankruptcy Code (the "Plan Order") [Docket No. 806] was entered by the Court on March 31, 2014. The Plan Order authorizes the appointment of a liquidating trustee (the "Liquidating Trustee") pursuant to the terms of the Debtors' First Amended Joint Plan Of Liquidation Pursuant To Chapter 11 Of The Bankruptcy Code (the Plan").

P:\Western Funding - PNC\Motion to Lift Stay\Response Re Motion to Lift Stay Re D&O Policyv2.doc

**Memorandum of Law**

The automatic stay applies to the Policy and the proceeds of the Policy if they are property of the estate. 11 U.S.C. § 362(a)(3). Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the estate." 11 U.S.C. § 541(a)(1). Section 541(a)(1) is interpreted broadly. See United States v. Whiting Pools, Inc., 462 U.S. 198, 204–05, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); The Minoco Group of Cos., Ltd., v. First State Underwriters Agency of New England Reinsurance Corp. (In re The Minoco Group of Cos., Ltd.), 799 F.2d 517, 518 (9th Cir. 1986).

The issues to be determined by the Motion are similar to those in In re Arter & Hadden, L.L.P., 335 B.R. 666, 672 (Bankr. N.D.Ohio 2005). In Arter & Hadden, L.L.P., the debtor was a law firm that ceased operating and was placed into an involuntary bankruptcy. The bankruptcy trustee argued that several former partners and employees of the debtor had improperly removed capital from the debtor and that they were liable for these improper distributions. These claims were alleged against members of the Executive and Management Committee of the debtor. The debtor was issued a Management Liability Policy and was the Named Insured, and the Policy covered both the Executive and Management Committee members and the debtor.

In addressing issues regarding the automatic stay, the court in Arter & Hadden, L.L.P. summarized the case law with regard to directors' and officers' insurance policies stating:

> Insurance policies have been generally deemed to be property of the estate. *See, e.g., In re Edgeworth,* 993 F.2d 51, 55 (5th Cir.1993); *MacArthur Co. v. Johns–Manville Corp.,* 837 F.2d 89, 92 (2d Cir.1988); *In re A.H. Robins,* 788 F.2d 994, 1001 (4th Cir.1986); *Scrima v. John Devries Agency, Inc.,* 103 B.R. 128, 132 (W.D.Mich.1989). "Although the courts readily agree that directors' and officers' insurance policies themselves are property of a debtor's estate, there is more discord regarding the question of whether proceeds of such policies constitute estate property." *In re Medex Regional Laboratories, LLC,* 314 B.R. 716, 720 (Bankr.E.D.Tenn.2004); *In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1399 (5th Cir.1987) ("The question is not who owns the policies, but who owns the liability proceeds."). Courts have been guided by "the language and scope of the policy at issue not by broad, general statements," *In re Allied Digital Technologies Corp.,* 306 B.R. 505, 509 (Bankr.D.Del.2004); *In re Youngstown Osteopathic Hospital Ass'n,* 271 B.R. 544, 550 (Bankr.N.D.Ohio 2002).
>
> While the terms of the subject policies may dictate divergent results, courts have consistently held that "if a debtor does not have a direct interest in the proceeds of the insurance policy, the insurance proceeds are no longer property of

the debtor's estate." *In re Youngstown,* 271 B.R. at 548 (citing *In re Louisiana World Exposition,* 832 F.2d at 1394); *In re Medex,* 314 B.R. at 720–21; *In re CyberMedica,* 280 B.R. 12, 16 (Bankr.D.Mass.2002). Two factors that courts have considered in making this determination are whether "the debtor's estate is worth more with them then without them," *In re CyberMedica,* 280 B.R. at 17 (quoting *In re Minoco Group of Companies, Ltd.,* 799 F.2d 517, 519 (9th Cir.1986)), and "whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim." *In re Edgeworth,* 993 F.2d 51, 55 (5th Cir.1993). In *In re Allied Digital,* the bankruptcy court examined four categories of directors' and officers' policies, holding that:

    [(1)] when a debtor's liability insurance policy provides direct coverage to the debtor the proceeds are property of the estate, because the proceeds are payable to the debtor.

    [(2)] Further, when the liability insurance policy only provides direct coverage to the directors and officers the proceeds are not property of the estate.

    [(3)] However, when there is coverage for the directors and officers and the debtor, the proceeds will be property of the estate if depletion of the proceeds would have an adverse effect on the estate to the extent the policy actually protects the estate's other assets from diminution.

    [(4)] Lastly, when the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate.

*In re Allied Digital,* 306 B.R. at 512; *In re Medex,* 314 B.R. at 721.

Arter & Hadden, L.L.P., 335 B.R. at 672.  See also The Minoco Group of Cos., Ltd., 799 F.2d at 519-20.

Applying these principles, the court in Arter & Hadden, L.L.P, found as follows:

The Trustee has presented a prima facie case that the proceeds of the Policy are property of the estate, since the Policy expressly defines the insured entities to include both the Executive and Management Committee members and the Debtor itself. *See In re Louisiana World Exposition,* 832 F.2d at 1400; *In re Allied Digital,* 306 B.R. at 511; *In re Sacred Heart Hospital of Norristown,* 182 B.R. 413, 419–20 (Bankr.E.D.Pa.1995) ("More important, however, is the fact that the Debtor's own liability exposure is also covered by the D & O Policy. Proceeds available for the Debtor's liability exposure are not segregated from the Proceeds available to the directors and officers. Thus, the Debtor is indeed an insured and has a sufficient interest in the Proceeds as a whole to bring them into the estate.").

    Herein, the subject policy is not a policy which expressly limits coverage solely for the directors and officers, or a policy that only includes director and officer liability coverage and indemnity coverage. *Holloway v. Dane,* 316 B.R. 876, 882 (S.D.Miss.2004) (policy covering only officers and directors); *In re Youngstown,* 271 B.R. at 550 (policy included director and officer liability coverage and indemnity coverage, but no entity coverage). Item 3 of the Policy provides that the Limit of Liability (inclusive of Defense Expenses) is $5 million, which is the "maximum aggregate Limit of Liability of all Claims under this

Policy." The Policy does not segregate the policy limitations on the basis of whether the covered entity is the directors and officers, the indemnity obligation of the Debtor, or the Debtor itself. If a direct claim against the Debtor directly were to arise, such claim would compete for available coverage under the $5 million policy limitation. *In re First Cent. Financial Corp.,* 238 B.R. 9, 18 (Bankr.E.D.N.Y.1999) ("In such situations, the debtor's entity coverage competes for proceeds with the officer and director liability portion of the insurance policy. For every dollar paid out to the officers and directors there is one less dollar of coverage protecting the debtor's estate."). Under such a policy, "[a] debtor's interest in the proceeds *673 requires protection from depletion and overrides the interest of the directors and officers." *In re Allied Digital,* 306 B.R. at 511; *In re Sacred Heart,* 182 B.R. at 420. *But see In re Doug Baity Trucking, Inc.,* 2005 WL 1288018, at *7 ("The mere fact that the use of insurance to proceeds to pay claims against the estate has an effect on the administration of the estate, however, is an insufficient reason to deem those proceeds property of the estate pursuant to Section 541 of the Bankruptcy Code.").

Id. at 672-73.

In this case, as in Arter & Hadden, L.L.P., the Policy in this case defines the Insureds as including both directors and officers and the Debtor (listed as Harbor Structured Finance, LLC, parent company of Western Funding Incorporated).[2] The Policy further provides that the Limit of Liability (as an aggregate) is $2 million, and therefore the Policy does not separate policy limitations for coverage for the Debtor or the directors and officers. Thus, if a claim is directly made against the Debtor, this claim would also be paid under the $2 million policy aggregate limitation depleting proceeds to pay claims against the estate. This Policy limitation includes defense costs. Thus, the Policy provides direct coverage to the Debtor, and the Policy does not segregate Policy limitations. As such, the proceeds of the Policy are property of the estate.

However, the Committee recognizes that in certain circumstances an insurance policy may no longer provide a benefit to the estate. As the court in Arter & Hadden, L.L.P. stated:

> The Executive and Management Committee may overcome the Trustee's prima facie case by showing that the Debtor's entity coverage no longer provides a benefit to the estate. In certain situations the entity coverage provided by a D & O policy may, as a practical matter, no longer provide a benefit to the Debtor. *In re CHS Electronics, Inc.,* 261 B.R. 538, 543 (Bankr.S.D.Fla.2001) ("Although a portion of the Proceeds could *conceivably* constitute property of the estate based on the Entity Coverage, there is *in actuality* no Entity Coverage issue here.") (emphasis in

---

[2] Based upon the terms of the Policy and an Endorsement to the Policy (see page 48 of filed Policy) and communications with the Debtor, the Policy covers the Debtor. In fact, the Debtor paid for an extension of the Policy postpetition.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  original). In these circumstances, it has been held that the proceeds of the D & O policy are not property of the estate. *In re First Cent. Financial Corp.,* 238 B.R. at 19 (Where "entity coverage is hypothetical and fails to provide some palpable benefit to the estate, it cannot be used by a trustee to lever himself into a position of first entitlement to policy proceeds."). In *First Central Financial,* the bankruptcy court examined a D & O policy which included an endorsement (also referred to by the court as a rider) providing for entity coverage to the debtor for certain securities violations. *Id.* at 14. The court noted that "[t]he mere appendage of entity coverage to this Policy by way of a rider, providing the Debtor with protection from securities claims, does not provide sufficient predicate, per se, to metamorphose the proceeds into estate property." *Id.* at 18. The court noted that no claims were filed, pending, or even contemplated under the limited scope of the policy's entity coverage, and therefore "[w]e are skeptical that any individual or entity will ever emerge to assert such claims prior to the expiration of the discovery period...." *Id.* at 18–19.

Id. at 673. In this case, Senter argues that the "D&O Policy may not be property [of] the estate" without any further discussion. Motion at p. 7. Accordingly, Senter has not provided any reason why the coverage is no longer beneficial to the estate. As a result, the Policy proceeds are property of the Debtor's estate.

"Once the Court determines that insurance proceeds are property of the state, those proceeds are distributed pursuant to the Bankruptcy Code and are subject to the automatic stay." Id. at 674. However, Senter argues that he is entitled to stay relief under § 362(d)(1) "for the sole purpose of determining liability to recover against D&O Policy proceeds." Motion at p. 9. Senter is not entitled to stay relief as the Policy and proceeds are property of the estate. Senter can pursue his claims in connection with the bankruptcy case, and he should not be able to obtain a "preferred" claim by pursuing his claim in state court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

Based upon the foregoing, Motion For Relief From Automatic Stay To Proceed Against D&O Insurance And Add Debtor As A Nominal Party To State Court Litigation should be denied. In the alternative, the Committee requests that due to the impending appointment of the Liquidating Trustee as of the Effective Date of the Plan, the matter be continued to allow the Liquidating Trustee to review and respond to the Motion.

Dated this 2nd day of April, 2014.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Attorneys for the Official Committee
of Unsecured Creditors