MICHAEL A. TUCKER
**FTI CONSULTING, INC.**
2 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 744-7100

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WFI DEBTOR,<br><br>Debtor. | Case No.: BK-S-13-17588-LED<br>Chapter 11<br>(Jointly Administered) |
| In re:<br><br>WFN DEBTOR,<br><br>Debtor. | Case No.: BK-S-13-17586-LED<br>Chapter 11 |
| In re:<br><br>GT DEBTOR,<br><br>Debtor. | Case No.: BK-S-13-17589-LED<br>Chapter 11<br><br>Hearing Date: May 16, 2014<br>Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF FTI CONSULTING, INC.
AS FINANCIAL ADVISORS FOR DEBTORS FOR ALLOWANCE OF
<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

**APPLICATION PERIOD:**       9/4/2013 – 4/14/2014
**APPLICATION NUMBER:**       First and Final Fee Application

**TOTAL FEES REQUESTED:**           $    <u>94,792.50</u>
**TOTAL EXPENSES REQUESTED:**   $    <u>7,932.27</u>
**TOTAL APPLICATION REQUESTED:** $ <u>102,724.77</u>

## INTRODUCTION

1. FTI Consulting, Inc. ("FTI"), as financial advisors for Western Funding Incorporated, Western Funding Inc. of Nevada and Global Track GPS, LLC in the above-captioned chapter 11 case (collectively the "Debtors"), hereby submits its First and Final Fee Application for Allowance of Compensation and Reimbursement of Expenses for Services Rendered and Expenses Incurred as Financial Advisors for the Debtors (the "Application") for the period from September 4, 2013 through April 14, 2014 (the "Application Period"). This Application is made in accordance with and pursuant to 11 U.S.C. §§ 330(a), 331, 503(a) and (b) and Bankruptcy Rule 2016 and 2002(a)(6).

2. During the Application Period, FTI spent 167.8 hours in assistance to the Debtor. Based upon FTI's hourly rates in effect at the time said services were rendered, FTI's total fees for the Application Period are $94,792.50. During the Application Period, FTI incurred out-of-pocket expenses for which FTI is seeking reimbursement in the amount of $7,932.27. Total compensation and expense reimbursement requested by FTI for the Application Period is $102,724.77. In support of its Application, FTI submits its billing and expense detail for the Application Period, attached hereto collectively as Exhibits "A" through "D" and incorporated herein by reference.

## I. BACKGROUND

1. On September 4, 2013 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtors' Chapter 11 Cases are being jointly administered and an Official Committee of Unsecured Creditors has been appointed and retained proposed counsel.

2. On September 11, 2013, a letter of engagement to engage FTI Consulting, Inc. to provide financial advisory and consulting services was signed by FTI and the Debtors. The Scope of Services agreed to in the letter are incorporated into Section III, Summary of Professional Services Performed by FTI by Project Code.

2

3. On September 12, 2013, FTI started working on site with the management team. FTI's first task was to assist with the cash collateral budget preparation and validation. The lender objected to the Debtors' use of cash collateral and the court set an evidentiary hearing at the beginning of October as to the use of cash collateral and the lender's collateral coverage. Much of the work performed by FTI was related to preparing and litigating over the use of cash collateral and determining the value of the collateral.

4. By agreement with the lender and Debtor, FTI's role as Financial Advisors ended on October 5, 2013 with an agreement on use of cash collateral. The agreement had High Ridge brought back as the Debtors' Financial Advisor and FTI would become the investment bankers to assist with sales transactions.

5. On October 28, 2013, the Debtors filed the application for retention of FTI Consulting, Inc. as: (i) financial advisors for the Debtors *Nunc Pro Tunc* from the petition date to October 5, 2013; and (ii) investment bankers for Debtors to assist with sales transactions *Nunc Pro Tunc* from October 3, 2013 (Doc 248).

6. On November 8, 2013, by order of this Court, the Employment Application of FTI as financial advisors for the Debtors was approved Nunc Pro Tunc from the petition date to October 5, 2013 (Doc 299).

7. This is FTI's first and final fee application for compensation, which covers the period of September 4, 2013 through April 14, 2014. Between October 5, 2013 and April 14, 2014, minimal time was spent which was for preparing this fee application. During this period, FTI spent 167.8 hours in its engagement for the Debtors. Based on our ordinary hourly rates at the time services were rendered, FTI's fees for this application are $94,792.50 and $7,932.27 of expenses were incurred for a total of $102,724.77. A summary schedule showing the hours worked and the associated fee for each professional is included as Exhibit "A." The rates were in accordance with the engagement letter and reflect Phoenix-based personnel rates.

8. FTI represents that no payments have yet been received for services performed from September 4, 2013 through April 14, 2014.

9. For the period September 4, 2013 through April 14, 2014, FTI is requesting payment for 100% of fees and expenses for a total amount of $102,724.77.

10. Except as FTI may be entitled to receive compensation herein, FTI has no arrangements with any other parties for compensation for the services rendered, nor has FTI received any funds from any parties for the services rendered. Further, FTI has not made any arrangement to share any compensation awarded or received other than the normal division of fees that, as a matter of course, occurs between members of FTI. The members of FTI are disinterested persons defined in 11 U.S.C. § 101(14) and do not hold or represent any interest adverse to the Estates.

## II. SUMMARY OF PROFESSIONAL SERVICES PERFORMED BY FTI BY PROJECT CODES

Pursuant to the U.S. Trustee Guidelines, FTI has established several different project billing categories for this bankruptcy. The summaries attempt to highlight the key tasks undertaken and the results thereof. The summaries of professional services performed by FTI are set forth by project billing category. The persons providing services on these matters and the associated fees in each of the categories below are summarized in Exhibit "B" with supporting time detail provided by each individual in Exhibit "C".

FTI is aware that some of the time spent in meetings, responding to data requests, review Debtor information and organizing support documentation could properly be categorized under several codes as the services, meetings and documents were for multiple purposes. As such, the items below may have conferred a benefit to more than one project billing category.

1. <u>Business Operations</u>. The services rendered during the Application Period in this category include, but are not limited to the tasks described as follows:

- reviewed Debtors' current and past financials and audit reports;
- reviewed and met with management and accounting staff to understand tax information and statements and schedules;
- gained an understanding and gathered documentation of the POS and Bulk loan

4

purchasing operations;

- researched Debtors' dealer reserve contracts and determined financial impact of acceptance or rejection of such contracts;
- gained an understanding of Debtors' bank accounts and customary flow of funds; and
- gathered information regarding employee positions, tasks and salaries.

The foregoing services were necessary to fulfill FTI's role as a financial advisor to the Debtors. The foregoing services kept the Debtors' management informed of operational and financial items, current issues and developments in the case and related information upon which to base operating and case decisions. Accordingly, FTI submits that the time it spent on matters in this category during the Application Period were reasonable and necessary.

The persons providing services on these matters and the associated fees are summarized in Exhibit "B" and supporting time detail provided for each individual in Exhibit "C."

2.  <u>Case Administration</u>. Tasks in this category are wide-ranging, and generally include a broad range of services which do not neatly fit under other task billing categories established by FTI. Thus, while they all fall under the heading of Case Administration for the purposes of this fee application, many of the services classified here are truly substantive matters. The services rendered during the Application Period in this category include, but are not limited to the tasks described as follows:

- getting up to speed on the background and case issues as the case had been filed prior to FTI being retained;
- participated in various conferences among Debtors' professionals and Debtors' management;
- prepared and maintained FTI's workplan; and
- reviewed case filings that impacted Debtors' and respond to inquiries and other general case administration matters.

The foregoing services were necessary to properly advise the Debtors, administer the case, disseminate information to various interested parties, and ensure compliance with the

Bankruptcy Court. FTI submits that the time spent on matters in this category during the Application Period were reasonable and necessary.

The persons providing services on these matters and the associated fees are summarized in Exhibit "B" and supporting time detail provided for each individual in Exhibit "C."

3.  <u>Cash Collateral</u>.  The services rendered during the Application Period in this category include, but are not limited to the tasks described as follows:

- met with management to prepare and understand and the cash flow budget;
- assisted and advised on extension of cash flow budget to proposed sale process timeline;
- reviewed cash collateral stipulations documents and communication and pleadings regarding the cash collateral stipulation;
- assisted the Debtors with cash collateral negotiations with the lender;
- prepared write-up of assumptions for cash flow budget;
- gathered documentation for cash flow budget and prepared supporting schedules;
- reviewed and negotiated Debtors' cash collateral stipulation;
- met with management to gain an understanding of outstanding litigation;
- reviewed loan documents;
- met with management and prepared analyses regarding the value of BMO Harris collateral;
- gained an understanding and gathered information regarding portfolio valuation data prepared by management;
- reviewed 2004 examination documents;
- investigated solvency of Debtors;
- prepared supporting documentation of scheduled Michael Tucker deposition regarding value of BMO Harris' collateral; and
- provided information through email correspondence and discussions to address management and other parties questions and/or requests.

The foregoing services were necessary to fulfill FTI's role as financial advisor to the Debtors. The foregoing services kept the Debtors' management informed of cash flow, current and necessary funding needs upon which to make informed decisions regarding cash flow and operations of the Debtor. The foregoing services ensured the Debtors were able to continue operations and provided insight into the handling of the Debtors' financial affairs (cash needs, cash collateral obligations, etc.) as such the work performed was necessary and conferred a benefit upon the estate. In addition, the foregoing services were necessary to understand the outstanding litigation against the Debtors as well as to prepare for the scheduled deposition of Michael Tucker regarding adequate protection of BMO Harris' collateral. The foregoing services provided information necessary to negotiate and ultimately execute the cash collateral stipulation. Accordingly, FTI submits that the time it spent on matters in this category during the Application Period were reasonable and necessary.

The persons providing services on these matters and the associated fees are summarized in Exhibit "B" and supporting time detail provided for each individual in Exhibit "C."

4. <u>Sale Process</u>. The services rendered during the Application Period in this category include, but are not limited to the tasks described as follows:

- gained an understanding of the Debtors' assets (location, debt, value, carrying costs, capital requirements, etc.);
- discussed asset history, recovery strategies and prior marketing efforts and fundraising processes with Debtors' management and Counsel;
- reviewed market materials and Carfinco stock purchase agreement; and
- provided information through reports and email correspondence to Debtors' management and Counsel.

The foregoing services were necessary to fulfill FTI's role as a financial advisor to the Debtors. The foregoing services provided the information necessary to keep the Debtors' management informed of options regarding the disposition of assets and related information to make informed decisions regarding the assets of the Debtors. Additionally, such background information in the data room assisted in the cash collateral analysis and overall understanding of

the business. Accordingly, FTI submits that the time it spent on matters in this category during the Application Period were reasonable and necessary.

The persons providing services on these matters and the associated fees are summarized in Exhibit "B" and supporting time detail provided for each individual in Exhibit "C."

5. <u>Fee/Employment Application</u>. This category includes the preparation of FTI's retention application and declaration in support thereof and research of FTI's relationships with other parties in the case to ensure that FTI was a disinterested party in the bankruptcy case. This category includes time spent on preparing and filing this fee application.

The foregoing services were necessary to fulfill FTI's role as a financial advisor to the Debtors. In the execution of these services FTI complied with the requirements of the bankruptcy code, US Trustee and court.

The persons providing services on these matters and the associated fees are summarized in Exhibit "B" and supporting time detail provided for each individual in Exhibit "C."

6. <u>Non-Working Travel</u>. The services rendered during the Application Period in this category include, but are not limited to travel from FTI professional's home offices to the Debtors' corporate headquarters in Las Vegas, Nevada.

The foregoing services were necessary to fulfill FTI's role as a financial advisor to the Debtors. Non-working travel time involves time spent in transit where the applicant is otherwise unable to perform services and time associated with this travel is charged at one-half of standard time established for the professional. The amounts noted are reflective of this 50% adjustment. Accordingly, FTI submits that the time it spent on matters in this category during the Application Period were reasonable and necessary.

The persons providing services on these matters and the associated fees are summarized in Exhibit "B" and supporting time detail provided for each individual in Exhibit "C."

7. <u>Costs</u>. Costs for which FTI seeks reimbursement total $7,932.27. A majority of the costs incurred are attributable to travel related expenses in order to properly advise the Debtors during the bankruptcy case. FTI has attempted to ensure that travel related costs are kept

at a minimum. The costs incurred are also the type customarily charged to non-bankruptcy clients.

The amount FTI has disbursed for actual and necessary expenses in connection with the Debtors are itemized in Exhibit "D."

### III. EVALUATING STANDARDS

In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rates in effect in the Phoenix, Arizona marketplace for the consultants involved. In addition, the provisions of § 330 (a) place a premium on the timeliness of administration of the case. Compensable services must be "performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed." 11 U.S.C. § 330(a)(3)(A).

For the time period September 4, 2013 through October 5, 2013, FTI has advised the Debtors in connection with financial matters in the case on an ongoing basis and has performed extensive work preparing the Debtor's Court required documents, as well as participated in conferences and meetings for and on behalf of the Debtors. FTI has performed numerous consulting services for and on behalf of the Debtors which services are described above and which are itemized in Exhibit B attached hereto. FTI maintains daily time records reflecting the actual and necessary time expended in the performance of the services for which compensation is sought.

The results FTI obtained within the time frame of this Application illustrate that FTI:

1.  Used the skill required to perform the necessary accounting and financial consulting services.

2.  Provided services necessary to the administration of the case for the benefit of the Debtors; and

3.  Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

### IV. COMPLIANCE WITH SECTION 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

FTI has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which the FTI is seeking compensation and reimbursement as set forth in this Application, except as permitted by Bankruptcy Code § 504(b)(1).

### V. CONCLUSION

WHEREFORE, based upon the foregoing, FTI respectfully requests that this Court enter an Order:

1. Approving the First and Final Fee Application of FTI Consulting, Inc. as Financial Advisors to the Debtors, for Allowance of Compensation and Reimbursement of Expenses, and allowing FTI fees in the sum of *$94,792.50* and 100% of costs in the sum of *$7,932.27* in their entirety;

2. Authorizing and directing payment of such approved fees and costs by the Debtors from any and all available funds; and

3. Such other and further relief as this Court deems just and proper.

Dated this 17th day of April, 2014.

>
> FTI CONSULTING, INC.
>
> By: /s/ Michael A. Tucker
> Michael A. Tucker
> 2 North Central Avenue
> Suite 1200
> Phoenix, Arizona 85004